## TOWN OF WAUWATOSA VS. GUNYON.

*Sundry provisions of the tax laws (R. S. ch. 18, secs. 81–85; Laws of 1860, ch. 198; Laws of 1865, ch. 538, secs. 8, 12, 37, 41, 42, 61) construed.*

1. Under secs. 8, 12, 41, 61, ch. 538, Laws of 1865, the value of the tax payer's credits is to be fixed by himself; and it is only the "enumerated articles" of personal property which the county board of assessors are to fix a uniform valuation upon.

2. Where the assessor inserted in the form of oath prescribed by sec. 41, after the words "the full value thereof," the further words "at the rates established by the county board of assessors," this is *held* to apply only to the "enumerated articles," and not to vary the effect of the oath or vitiate the subsequent proceedings.

3. In the special proceeding for the collection of taxes authorized by secs. 81–85, ch. 18, R. S. (as amended by ch. 198, Laws of 1860), where defendant, in his examination before the justice, refuses "to answer all questions put to him touching his ability to pay" the tax in dispute, and, on appeal to the circuit court, the justice's return showing that fact is read, and defendant offers no further proof, this is conclusive that he has property, not exempt from sale for taxes, sufficient to pay the tax.

4. The question whether he has such property is made by the statute one of the "issues" in the proceeding (there being no pleadings); and a general verdict "for the plaintiff" sufficiently determines that issue.

5. Sec. 42, ch. 538, Laws of 1865, authorizes the clerk of supervisors to correct the valuation of property only where such valuation was made *by the assessor*, after the owner has neglected to list the property, or to make oath to its value.

6. An entry by the assessor that a person named in the tax list "refused to answer questions of the assessor after being sworn," is *equivalent* to the entry that he "refused to swear," required by section 37 of said act.

7. An entry on the tax list that the listing and valuation were made "by the assessor" (sec. 37), will of itself authorize the clerk of supervisors (under sec. 42) to amend the valuation.

8. The addition by the clerk of fifty per cent. to the assessor's valuation of property, without regard to its real value (as provided in the first

Town of Wauwatosa vs. Gunyon.

clause of said section 42), is in the nature of a *penalty;* and such penalty can be imposed only in the due course of a judicial prosecution.

9. But where the valuation has been increased fifty per cent. by the clerk under said section, this will be presumed (in the absence of proof) to have been done, not under the first clause, but as a correction of the valuation, after due inquiry as to the true value, under the second clause.

APPEAL from the County Court of *Milwaukee* County.

Upon the filing with a justice of the peace of an affidavit of the treasurer of the plaintiff town, dated February 17, 1868, stating that, upon the tax list then in affiant's possession, there was a tax of $593 assessed upon the personal property of the defendant in said town, and that affiant had demanded payment and was unable to collect said tax (sec. 81, ch. 18, R. S.), the justice caused the defendant to be brought before him and examined on oath, and heard other witnesses, as provided in sec. 82, ch. 81, R. S., amended by ch. 198, Laws of 1860 ; and thereupon he made an order requiring defendant to pay the tax forthwith. The defendant appealed to the county court (sec. 84), and at the trial there, the examinations of the defendant and the other witnesses (which had been reduced to writing, subscribed and filed in said court, as required by sec. 83 of said chapter) were read, and other proof produced on the part of the plaintiff. The written examination of the defendant showed that he refused to answer questions put to him by the justice, touching his liability in the action. Two books were produced in evidence for the plaintiff before the county court, the first purporting to be the " assessment roll" of said town for the year 1867, and the other a transcript of such assessment roll. The former showed the valuation of defendant's personal property by the assessor ($9,225) and also the valuation as equalized by the town board, and after defendant's name was the following entry: " Refused

Town of Wauwatosa vs. Gunyon.

to answer the questions of the assessors, after being sworn." Attached to said roll was an oath of the assessors in the form prescribed by sec. 41, ch. 538, Laws of 1860, except that in the clause which states that "the full value thereof [viz., of defendant's property] is set forth in the annexed return," there were inserted, after the words "the full value thereof," the words "at the rates established by the county board of assessors." An objection to the evidence, founded on this variation in the form of the oath, was overruled. The other book showed the valuation of defendant's personal property as equalized by the county board ($13,837), and the several taxes extended thereon. There was no oath or copy thereof contained in or attached to this book; and an objection was taken to it on this ground, but overruled.

The defendant moved for a nonsuit, on the grounds that there was no affidavit such as the law required, made by the assessor; that fifty per cent. penalty had been illegally imposed, and the whole alleged tax against the defendant was void. Motion denied. Verdict "for the plaintiff, and against the defendant," for the amount claimed. Motions for a new trial (on the ground that the verdict was against law and evidence), and in arrest of judgment (on the ground that the complaint was insufficient), were denied, and defendant appealed from a judgment on the verdict.

*Jason Downer*, for appellant.

*C. K. Martin*, for respondent.

The following opinion was filed at the June term, 1869:

DIXON, C. J. The statute relative to the assessment of property for taxation (Laws of 1865, ch. 538), is a very awkward and obscure one. Many of its provisions are apparently so conflicting and contradictory, that it seems most difficult to make them in any manner consistent or harmonious. We are inclined, however, to

the opinion that the learned counsel for the defendant is right in the construction which he puts upon sections 8, 12, 41 and 61, and to hold that the value of credits is to be fixed by the owner or person listing the same, and that the personal property, for the valuation of which a uniform basis is to be agreed upon at a meeting of the assessors, one from each town or ward, constituting the county board of assessors, consists only of those items of personal property which are known and designated in the act as "enumerated articles." This construction is in keeping with the views of this court in *White v. Appleton,* 22 Wis, 639, and *Matheson v. Mazomanie,* 19 id. 191.

But, notwithstanding we so far agree with the learned counsel, we differ from him with regard to the effect of the words added by the assessor in this case to the form of oath prescribed by section 41. After the words, "the full value thereof," in the form prescribed, were inserted the words, "at the rates established by the county board of assessors." This, it is insisted, vitiates the affidavit, and renders the return, and all proceedings had under it, null and void. Were we to construe the clause inserted as counsel does, such might be the effect. He applies it to the valuation of all the personal property returned, as well that which the assessor was authorized and required to value on his own sole judgment, as that which the county board of assessors were required to fix some uniform basis for valuing. We cannot give it such application. It appears to us that it was intended to apply only to those items of personal property, the value of which had been estimated by the assessor according to the uniform basis established by the county board of assessors. The oath itself, in the form prescribed by the act, is incongruous and doubtful, and, unless it is to be interpreted as implying an exception of the kind expressed by the words here inserted, no conscientious man could take it. It requires the assessor to swear, as he verily believes, that the *full*

*value* of personal property is set forth in the annexed return : and if it is not to be understood as excepting the "enumerated articles," the values of which are to be fixed according to the uniform basis agreed upon by the county board of assessors, and not according to the judgment of the assessor himself, and which must, in many instances, fall short of the *full* value, then the construction must be that the act requires the assessor to take an oath which he knows to be false. No such construction can be adopted. And it was undoubtedly with a view to obviate the difficulties here suggested that the interlineation was made. It did not, therefore, materially vary or affect the oath, but left it as it would have been if no such words had been inserted, and consequently did no harm. And this construction of the words inserted is in accordance with the uniform presumption in favor of the correctness of official action. The assessor is not to be presumed, if indeed it were possible for him to have done so, to have valued all personal property, including moneys, credits, annuities, merchants' and manufacturers' stock, and other kinds not found among the "enumerated articles," according to the standard fixed by the county board of assessors for valuing those articles. If he did attempt such valuation, it is a matter to be established by clear and positive proof, and not a fact to be inferred from doubtful premises.

The next objection is, that there was no such entry in the return, opposite the entry of personal property, as authorized the addition of fifty per centum to the valuation by the clerk of the county board of supervisors, as provided by section 42. The form of entry prescribed by section 37 is, "refused to swear." The entry here was, "refused to answer the questions of the assessors after being sworn." [The sufficiency of this objection need not be considered, for the reason, as will presently be seen, that the record does not show that an addition, in the nature of a penalty, of fifty per centum to the valuation, was in fact made by the clerk of the board of supervisors.]

The third objection is, that the provision imposing the fifty per centum is a penalty, and void, because it is imposed without due process of law; that, being a punishment for the violation of public law, it cannot, under our constitution, be legally imposed except by prosecution in the courts of justice, where the accused enjoys the right of being heard by himself or counsel, and meeting the witnesses face to face. This proposition is not without some well-considered authorities in its favor, and none that we are aware of against it; but as already observed, the question is not presented by the record. It does not appear that the fifty per centum was added by the clerk of the board of supervisors pursuant to the first clause of section 42. It is true that just that amount was added, which may be deemed a circumstance tending very strongly to show that it was for the penalty. But that is not enough. [The clerk had power, under the last clause of the section, to make additions where he had reason to believe that the value returned by the assessor was below the true value of the property.]* The sum added may have been for the amount of such increased valuation, and as there is nothing in the record to show under which clause the addition was made, we cannot refer it to the former for the sake of declaring the proceeding to have been void.

The last objection is, that the verdict of the jury is fatally defective. It was in these words: "We find for the plaintiff, and assess its damages at the sum of $593.89." The proceeding was a special one, instituted before a justice of the peace, under section 81, ch. 18 of the Revised Statutes. It was prosecuted to a judgment against the defendant before the justice, pursuant to the provisions of section 82 and the amendatory acts, Laws of 1860, ch. 198, and Laws of 1866, ch. 91; and an appeal was taken by the defendant to the county court of Mil-

---

* The two sentences above inclosed in brackets are modified by the opinion on the motion for a rehearing, *infra.*

waukee county, where the above verdict was rendered, and judgment entered thereon in favor of the town. Section 85 of chapter 18 provides that the matter shall be tried in the circuit as other issues, and if the court or jury shall find on such trial that the defendant had sufficient money or property of any description, not exempt from sale for taxes, to pay the tax at the time of his examination before the justice, judgment shall be rendered against him and the sureties in the undertaking, for the amount of such tax, and for all costs, fees, disbursements, etc. It is objected that the verdict is insufficient, because the jury did not find that the defendant, at the time of his examination before the justice, had sufficient property, not exempt from sale for taxes, to pay the tax. Was an express finding to that effect necessary? The direction is, that the matter shall be tried as other issues. In the trial of other issues, a general verdict in the form here rendered would be sufficient. It would be construed that the jury had passed upon and found all the matters in issue in favor of the party for whom the verdict was rendered. We are of opinion that this verdict must be construed in the same way, and that the jury passed upon and found these facts for the plaintiff and against the defendant.

*By the Court.*—Judgment affirmed.

The defendant moved for a rehearing, and the motion was disposed of at the January term, 1870.

DIXON, C. J. Upon the motion for a rehearing, the following points are urged by counsel for the defendant:

1. That the court below erred in not setting aside the verdict on motion. The next day after the verdict was rendered, the defendant moved the court for a new trial, for the reason that the verdict was against law and evidence, which motion was denied, and the defendant excepted. The ground of this objection is, that there

was no testimony whatever before the court and jury proving or tending to prove that the defendant had, at the time of his examination before the justice, money or property, not exempt from sale for taxes, sufficient to pay the tax, as required by sec. 85, ch. 18, R. S. Section 82 of ch. 18, and the amendatory act, ch. 198, Laws of 1860, sec. 1; provide that if the defendant, upon appearing or being brought before the justice of the peace, shall refuse to answer all questions put to him touching his ability to pay such tax, the justice shall make an order requiring him to pay the same forthwith. The defendant here, upon his appearance before ' the justice and being sworn, refused to answer all questions touching his liability in the suit, and thereupon the justice made the order required by the statute. Section 83 of ch. 18 provides, that the justice before whom such examination is held shall reduce the examination of the person arrested, and all witnesses produced and examined, to writing, and cause the same to be subscribed by the persons examined, and the same shall be filed with the clerk of the circuit court, and, in case a new trial is had in the circuit court, the examination so returned shall be read on such trial, and either party may produce other proof on such trial. The proceedings in this case were conducted as required by law, and the examination of the defendant, subscribed by him and taken before the justice, and by which it appeared that he refused on oath to answer any and all questions that might be put to him, touching his liability in the suit, was filed with the clerk of the court, and read on the trial before the court and jury, and the defendant offered no other or further proof on such trial. This we think conclusive against the objection. The examination before the justice being evidence by statute on the trial of the appeal, and the defendant having neither offered himself as a witness nor produced other proof, the effect was the same as when he refused to answer before the justice. The facts

were to be taken as conclusively established against him, that is, every fact which might have been so established had he submitted to a full and fair examination. His refusal to answer in the justice's court was, under the statute, an admission on his part that he had at that time sufficient money or property, not exempt from sale for taxes, to pay the tax; and when he chose to abide by the same refusal given in evidence on trial of the appeal, he renewed the admission on that trial that he had such money or property; and the jury were fully justified in so finding the facts. This must be so, or otherwise the right of appeal given the defendant by statute would render every proceeding of the kind nugatory and fruitless, which the legislature obviously did not intend. Before the justice, standing mute, when the defendant is required by law to answer, is to be regarded as proof of the facts against him. If on appeal the same refusal, when given in evidence, is not to have the same effect, the result would be that the order or judgment of the justice of the peace must in such cases always be reversed for want of evidence, since the defendant is not required to appear and submit to examination on trial of the appeal as before the justice, and he would certainly not do so voluntarily, when, by absenting himself or refusing to testify, judgment in his favor was sure to follow. It was to obviate this difficulty, no doubt, that the examinations before the justice are to be read on trial of the appeal, and we think it very clear that they are to have the same effect as evidence, unless other proof is produced.

2. It is insisted that the verdict is insufficient in form. This point was discussed in the former opinion, but the objection is now renewed on the ground that the question whether the defendant had sufficient money or property, not exempt from sale for taxes, to pay the tax at the time of his examination before the justice, was not embraced in the issue, or averred by either party, and,

if a fact, it never was or could have been such until after the issue was made up, and the trial before the justice commenced. To this fact, not averred in the complaint, and, as said by counsel, not embraced in the issue, it is insisted that a general verdict is not responsive, and that a special finding by the jury was necessary. The correctness of this conclusion depends upon whether or not the counsel is correct in his premises. We think he is incorrect. We think whether the defendant, at the time of the examination before the justice, had sufficient money or property to satisfy or pay the tax, was a fact embraced in the issue, as much as any other fact to be investigated on the trial and found by the jury. The truth is, there was no issue, strictly and properly so called, made up in the case. This is apparent from an examination of the statutes. The Revised Statutes provide for nothing like pleadings or a formal issue to be made up by written averments on one side and denials on the other. The amendatory act of 1860, ch. 198, declares that the affidavit of the treasurer shall be deemed the complaint, but it provides for no answer, traverse or denial whatever on the part of the defendant; and, strictly speaking, there is no issue in the case, that is, no formal one. To ascertain what facts are to be proved, and so what facts are in issue, we are to look to the statute to see what are required in order to establish the defendant's liability; and those facts, one and all, are to be considered as denied by him. That constitutes the issue presented at the trial, and upon that issue a general verdict against the defendant is decisive of all the facts, the same as if they had been formally alleged on one side and denied on the other. The case is not, therefore, like those sometimes arising, where it becomes necessary for the jury to find some fact or facts outside the formal issue joined between the parties, in order to justify the judgment. The jury here must be presumed to have found all the facts necessary to establish the liability of the defendant and to sustain the

judgment, inasmuch as those facts were all alike within the issue, and each one no less so than every other. And especially must this be so in the absence of any exception or alleged ground of error with respect to the instructions given by the court to the jury; for with regard to these it must be assumed that the jury were fully informed as to what facts they must find in order to authorize the verdict.

3. For a third point, the learned counsel calls our attention to a mistake in the former opinion respecting the construction of section 42, ch. 538, Laws of 1865. That mistake was in supposing that the latter clause of the section was applicable to *any* case where the clerk of the board of supervisors should have reason to believe that the value returned by the assessor was below the true value of the property, and that he might institute an examination, etc., into the value. Upon recurring to the language, the mistake is apparent. The words "in any such case," in the latter clause, very clearly limit the power of the clerk to the class of cases specified in the first clause; and this brings up the question, not before supposed to be involved, whether the return here was sufficient to authorize the clerk to institute the examination. The language of the return and of the statutory requirement in section 37 of the same act, are stated in the former opinion. We are all of opinion that the words contained in the return are fully equivalent to those found in the statute, and that a literal compliance with the statute was not necessary. Other words meaning the same thing may be substituted without risk of rendering the proceeding wholly void. As suggested by the counsel, the assessor might with propriety, no doubt, have made the statutory entry, "refused to swear;" but he chose to represent the exact facts, and so entered "refused to answer questions of the assessor after being sworn." It is manifestly immaterial, under the statute, whether the defendant refused to take the oath, or, having taken it, refused to answer any

questions which might be put to him. In either case he "refused to swear," within the meaning of the statute, and the return of the assessor was sufficient. A further argument in support of this point is, that we may reasonably infer, from the entry actually made, that the defendant made out his list, and either took the oath, or was ready to take it, and that the assessor was not satisfied of the truth of his statement, and swore him generally to answer questions, and he refused to answer. But this inference is conclusively rebutted by the other entry found in the return and set opposite the property, and which was, "listed by assessor." See sections 34, 35 and 37. This entry shows that the defendant did not make out his list, or take the oath, or offer to, and that he refused to list, as well as to swear, thus giving jurisdiction to the clerk of the board of supervisors upon both grounds specified in section 42.

4. The fourth and last point is one which was partially considered in the former opinion. It is, whether the fifty per centum added by the clerk of the board of supervisors is to be presumed to be the penalty prescribed by the first clause of section 42, or whether we are to infer that it was the increased value of the property as found by him upon examination instituted under the last clause. The bill of exceptions, which contains all the evidence, is entirely silent upon the point. There was no testimony either one way or the other respecting it. And, as indicated by the former opinion, we think that the fifty per centum mentioned in the first clause is a penalty, which can be imposed only in the due course of judicial prosecution, and consequently that the clerk had no lawful or constitutional authority to add it to the value of the property returned. The only valid authority conferred upon the clerk is to inquire into, and add to, the value of the property under the last clause. The question then comes to this: Are we to presume that the clerk added the fifty per centum in violation of law and of his duty, when, upon the facts

presented, being simply that fifty per centum was added, it appears that the same might have been added lawfully and in the clear performance of duty? Acting upon the principle which governs in all such cases, that to impeach the acts of a public officer they must be shown, and cannot be presumed, to have been unauthorized, our conclusion must still be the same as when this cause was decided. If the fifty per centum was added under the first clause of the section, and so illegally, it was an easy matter for the defendant to have shown it, and the burden of doing so was upon him. He did not show it; and since the fact may have been that it was added by the clerk under the last clause, which was legal, we are bound to presume that it was so added, in accordance with the principle above stated.

*By the Court.*—Motion denied.