THE TOWN OF HANCOCK VS. MERRIMAN.

PROCEEDING TO COLLECT TAX ON PERSONALTY.  *(1, 2) Conflict of statutes:  Before what justice proceeding may be had.  (3) Instructions in circuit court; what jury must find to sustain the action.*

1. In a proceeding to collect a tax assessed upon personal property, the provisions of the statute authorizing it (ch. 18, R. S. 1858) must prevail wherever they are inconsistent with those of the general statute (ch. 120, R. S. 1858) regulating proceedings in justices' courts.  R. S. 1858, ch. 188, sec. 10.
2. Under the statute first named (sec. 96), the town treasurer may proceed as there prescribed before *any justice of his county,* including any justice in his own town; and if the general statute regulating justices' courts requires actions by or against a town to be brought before a justice of an *adjoining* town, that provision is inapplicable to such proceeding by the town treasurer to enforce a tax.
3. On appeal to the circuit court in such a proceeding, it was error to refuse an instruction to the effect that the plaintiff town could not recover unless the jury should find from the evidence that defendant had money, or real or personal property not exempt from sale for taxes, sufficient to pay the tax; the instruction clearly meaning that he had such money or property at the time of the trial before the justice.  R. S. 1858, ch. 18, secs. 97, 102.

APPEAL from the Circuit Court for *Waushara* County.
The plaintiff appealed from a judgment of the circuit court

in favor of the defendant. The case is sufficiently stated in the opinion.

The appeal was submitted on the brief of *Waring & Ryan* for the appellant, and that of *R. L. D. Potter* for the respondent.

COLE, J. This proceeding was instituted on behalf of the *Town of Hancock*, before a justice of the peace of that town, to enforce the collection of a personal property tax, assessed against *Merriman*, for the year 1876. The proceeding was commenced and prosecuted under sec. 96, ch. 18, Tay. Stats., and the subsequent sections of that chapter. On the hearing, the justice made an order for the payment of the tax. From this order *Merriman* appealed to the circuit court. When the matter came on for trial in the circuit court, the defendant moved that the case be dismissed, for want of jurisdiction, because it appeared from the records that the justice before whom the proceeding was instituted, was elected in and for the town of Hancock, and therefore had no jurisdiction in the matter. The objection was overruled; and the first error assigned here involves the question of the correctness of this ruling of the circuit court. On the part of *Merriman* it is claimed that the justice had no jurisdiction of the subject matter of the proceeding, and that therefore the circuit court acquired none on the appeal. Subd. 4, sec. 10, ch. 120, Tay. Stats., and sec. 19 of the same chapter as amended by ch. 146, Laws of 1871, are relied on to sustain this position. For the purposes of this case, it may be conceded that the position of appellant's counsel is correct as to the result of the provisions of ch. 120 as amended by the law of 1871, and that an ordinary action by or against a town must be brought before a justice of an adjoining town of the county. But that view is not necessarily decisive of the question of jurisdiction, for this reason. The proceeding under ch. 18, R. S. 1858, to collect a tax assessed upon personal property, is *sui generis*, summary in its char-

acter, and seems to be regulated and governed by the statute authorizing it. If the provisions of that statute are inconsistent or conflict in any way with the provisions of ch. 120, the former must prevail as to all matters relating to the proceeding. This is the statutory rule of construction where the provisions of different chapters conflict with each other. Sec. 10, ch. 188, R. S. 1858; *Woodbury v. Shackleford*, 19 Wis., 55. Now it will be observed that sec. 96, ch. 18, provides that in case the town treasurer is unable to collect any tax assessed upon personal property, and payable by a person named in his tax list, he shall make and file with *some justice of the peace of his county* an affidavit, etc. There is no other restriction as to the justice before whom the proceeding may be commenced, than that he shall be a justice of the county. The party arrested and taken before the justice for examination may cause such examination to be removed to the justice nearest to the one before whom he has been so taken. Sec. 105. The justice making the examination has jurisdiction of the subject matter to the full extent of the tax against such person, though it may exceed the jurisdiction of a justice in ordinary cases. Sec. 96. This reference to the statute is sufficient to show that the general provisions of ch. 120, relating to the jurisdiction of the justice in ordinary cases, do not apply to this special proceeding for the collection of a tax upon personal property. We therefore think that the treasurer may make and file the affidavit before a justice of the plaintiff town, as was done in this case.

On the trial, the defendant took a number of exceptions to the rulings of the circuit court, admitting testimony against his objection, refusing to grant his motion for a nonsuit, and refusing to give certain instructions asked by him; and to instructions given by the court. We shall only notice one of these rulings, which, we think, must reverse the case, even if there were no other error in the record. The court was requested to charge the jury that the plaintiff could not recover

in the action unless they should find, from the evidence, that the defendant had money, or property, real or personal, which was not exempt from sale for taxes, sufficient to pay the tax. It is not perceived upon what ground this request was refused. It certainly cannot be said that the instruction was embraced in the general charge, as perhaps some of the defendant's instructions in regard to residence were. The instruction as to the ability of the defendant to pay the tax was substantially in the words of the statute upon the subject. On the examination before the justice, unless the defendant is contumacious and refuses to answer all questions put to him touching his ability to pay, it must appear to the satisfaction of the justice that he had personal property subject to taxation at the time the assessment was made, and that he has money or property, real or personal, not exempt from sale for. taxes, sufficient to. pay the tax, or such portion as the justice may determine he ought to pay, before the justice can make the order requiring him to pay. If these facts are not established to the satisfaction of the justice, he is required forthwith to discharge the defendant. Sec. 97. On the trial of the appeal in the circuit court, the jury must find that the defendant had sufficient money or property not exempt from sale for taxes, to pay the tax, at the time of the examination before the justice, or there can be no recovery. Sec. 102. Consequently, it will be seen that the instruction asked and refused stated, almost in the precise words of the statute, what the jury must find from the evidence as to the defendant's ability to pay. True, the instruction does not state in so many words that the jury must find that the defendant had sufficient money or property, not exempt, etc., at the time of the examination before the justice; but this is fairly implied from its language. The instruction is sufficiently clear upon that point, and it surely contains the law applicable to the issue.

There was a general verdict in the case for the plaintiff.

The learned counsel for the town insists that the presumption or inference from the verdict is, that the jury found against the defendant upon all the matters in issue. This suggestion, however, does not meet the difficulty, nor answer the objection that the court erred in refusing to give a proper instruction. Were it not for the decision in *The Town of Wauwatosa v. Gunyon*, 25 Wis., 271, a doubt might exist whether the statute did not contemplate a special finding. But that case holds a general verdict in the form here rendered sufficient. It is also suggested that the evidence abundantly shows that the defendant, at the time of the examination before the justice, had sufficient property not exempt to pay the tax assessed against him. But it is obvious that this was a matter for the jury to find, under proper instructions from the court. In view of the refusal of the court to give the instruction asked, the jury may have thought they were not required to find whether the defendant had sufficient money to pay the tax, and therefore rendered a general verdict for the town.

We therefore think the judgment of the circuit court must be reversed, and a new trial ordered.

*By the Court.* — So ordered.