NATIONAL GERMAN-AMERICAN BANK *vs.* ELI T. WILDER, Assignee.

March 12, 1886.

**Insolvency—Discharge, how Effected.**—The discharge of an insolvent debtor under the insolvent law is effected by the judgment of the court, and not by the "release" filed by creditors pursuant to the statute.

**Same—Release—Reservation.**—The including in such a "release" of an express reservation of all rights of the creditor as against other debtors than the insolvent will not affect the legal operation of the judgment to be entered, and does not invalidate the release for the purposes contemplated by the statute.

Appeal by Eli T. Wilder, assignee in insolvency of the Minnesota Elevator Company, from an order of the district court for Goodhue county, *Crosby*, J., presiding, the terms of which are stated in the opinion. The release therein mentioned, after reciting respondent's claim against the insolvent, proceeds as follows:

"Now, in consideration of the premises, and of the benefits of the law of the state of Minnesota relating to the distribution of the estates of insolvent debtors, the undersigned does hereby release to said insolvent all its claims against said insolvent other than such as may be paid under the provisions of said laws, for the benefit of said insolvent, and hereby consents that judgment may be entered in this court, discharging said insolvent from all claims by the under- signed held subject to the proviso and conditions in said law contained, but reserving so much of said claim against the said other debtors as shall remain unpaid after applying all the dividend and payments of said insolvent. And the undersigned expressly reserves all its legal rights and claims against the said joint judgment debtors, C. H. Duryea, W. P. Brown, James G. Lawrence and Lucius F. Hubbard, for the full payment of all said claim not paid and extinguished by the percentage paid by said Minnesota Elevator Co., insolvent, in the same manner and to the same extent as if this release had not been given to the said The Minnesota Elevator Co.

"And in executing and filing this release to the Minnesota Elevator Co., The National German-American Bank does hereby declare and make known that it is the intention and purpose of said corporation that said release shall be limited in its operation and effects to the debtor, The Minnesota Elevator Co., and shall be without force or effect as to the said other debtors, who shall stand and remain liable to said bank for all the unpaid balance of said claim and judgment.

"In witness whereof, The National German-American Bank has caused these presents to be signed by its president and attested by its cashier, and its corporate seal to be hereto attached.

"The National German-American Bank.

"By Gustav Willius, President.

"Attest: Joseph Lockey, Cashier." [Corporate Seal.]

*W. C. Williston,* for appellant.

*John B. & W. H. Sanborn,* for respondent.

*Wilson & Bowers,* for certain creditors of the Minnesota Elevator Company.

DICKINSON, J.   The Minnesota Elevator Company made an assignment to this appellant, Eli T. Wilder, pursuant to the insolvent law of 1881, (Laws 1881, c. 148,) in accordance with which law the assignment is being administered.   The bank above named is a judgment creditor of the assignor, the judgment having been recovered, not only against the assignor, but also against several individual debtors.   In the course of proceedings for the distribution of the insolvent estate, the district court, by its order, directed the assignee to pay a dividend to the bank upon the filing by it of a release in a form prescribed by the order.   This appeal is from that order, and the only question involved is as to the form of the release.   This instrument, in terms, releases to the insolvent assignor all claims of the bank against it, except such as may be paid under the provisions of the above statute, and authorizes judgment to be entered discharging the assignor from all such claims; but it expressly reserves the debt so far as the same shall remain unpaid, and all legal rights as against the other judgment debtors, who are designated by name.   The release further declares that it is the intention of the bank that it shall be limited in its operation and effect to the debtor, the Minnesota Elevator Company, and that it shall be without force or effect as to such other debtors.

The assignee contends that the release should be simply and only "a release to the debtor of all claims other than such as may be paid under the provisions of this act," which is the language of the statute.   The respondent, the bank, fearing that a simple and unqualified release of one of its several joint debtors may have the legal effect to discharge all, claims the right to file a release, unqualified as to the insolvent assignor, but declaring its intention to reserve, and expressly reserving, its legal rights and remedies against other debtors.

The statute prescribes no form for the release, but from the language above recited it seems to contemplate merely and simply a release of the insolvent debtor.   The instrument under consideration is, in terms, an unqualified release of this insolvent debtor, and is claimed to be objectionable only because of the attempted reservation of rights as against other debtors, and of the declared intention that its operation shall be so limited.   But if the release, thus guarded

or qualified, has the same legal effect, under this law, as it would have had if such qualifying terms had been omitted, the court was justified in treating it as complying with the requirement of the statute, disregarding whatever was in excess of the statutory requirement, but not contrary to the purposes or to the effect of the law,— *expressio eorum quæ tacite insunt nihil operatur.* Broom's Leg. Max. 669; *In re Mann,* 32 Minn. 60, (19 N. W. Rep. 347;) 2 Pars. Cont. 646; *Henwood* v. *Oliver,* 1 Q. B. 409.

The statute under which this release is given provides that no creditor of an insolvent debtor shall receive any benefit under its provisions, or any payment of any share of the proceeds of the debtor's estate, "unless he shall have first filed with the clerk of the district court, in consideration of the benefits of the provisions of this act, a release to the debtor of all claims other than such as may be paid under the provisions of this act, for the benefit of such debtor; and thereupon the court or judge may direct that judgment be entered discharging such debtor from all claims or debts held by creditors who shall have filed such releases." Exceptional provision is, however, made in respect to cases where fraudulent conduct on the part of the insolvent is shown. A release executed and filed pursuant to the provisions of this statute does not operate in itself to discharge the insolvent debtor. That is accomplished only by the judgment of the court. It is to be inferred from the terms of the statute that the judgment to be entered should be one "discharging *such debtor,*" and that, whatever may be its legal effect, it will not declare the discharge of any other debtors than such insolvent.

The release under consideration authorizes, so far as the consent of the creditor is necessary for that purpose, such a judgment to be entered as the statute contemplates; but the judgment will derive its force from the law, and not from the act of the creditor. The effect of the judgment will not be determined by the form or conditions of the release. If the proper legal effect of the judgment which the statute contemplates is to release *only* "such debtor," the expressed purpose of the creditor in this release would not vitiate it, for that would be in harmony with and not opposed to the law. It would be merely an unnecessary attempt to effect what the law of its own force

v.35m—7

would have accomplished. If, on the other hand, the legal effect of the judgment is to discharge all those jointly liable with the insolvent, that will be its effect none the less by reason of the declared purpose or the qualifying terms of this instrument. We therefore hold that the court was justified in its determination.

We have refrained from deciding as to the effect of the discharge of the insolvent debtor as respects co-debtors, and have considered, without unnecessary comment, only what we deem to be necessarily involved in this case, for the reason that neither of the parties to this proceeding argued that question, or asked our decision upon it; and counsel coming before us in behalf of the other debtors insisted that the question was not here involved, and should not be considered.

Order affirmed.

BERRY and VANDERBURGH, JJ., (*dissenting*.) If we do not misapprehend the majority opinion, it proceeds upon the ground that a creditor's "release" *in the terms of the statute* is sufficient; but that inasmuch as the insolvent's discharge is effected by the judgment, and not by the "release," if the "release" contain provisions in addition to and beyond the terms of the statute, the legal operation of the judgment is not thereby affected. If this latter position is not sound, the conclusion based upon it in the majority opinion must be wrong; if it is sound, then the assignee in this case was entirely right in his position that the release which he was entitled to receive before paying a dividend should follow the terms of the statute; and if he was right, why should he have been put in the wrong by being required to accept a release which, in addition to the terms of the statute, contained other provisions which the statute does not mention? To say that as the legal operation of the judgment is not affected by these additional provisions of the release, neither the assignee nor the estate which he represents is substantially aggrieved by being required to accept a release containing them, seems to us a *non sequitur*.

The assignee, being entirely ready to do what the statute requires, and therefore being entirely in the right, is brought up upon an order to show cause, and compelled to do what he was willing to do of

his own motion, and something more, which, as the majority opinion in effect holds, was entirely superfluous; whereas, the assignee being all the while entirely in the right, the order to show cause should have been discharged, with costs to him. But as the matter stands, he has been put to wholly unnecessary trouble and expense, and, as a matter of common prudence, has been compelled to take an appeal to this court in order (if not completely to protect himself) to reduce the risk of complying with the order of the court below; and all this when he was entirely right in the first place.

We think that the assignee should be vindicated here by the reversal of the action of the court below. We should not say so much if this were an indifferent question of ordinary practice. But, as very sensibly suggested by the counsel for the assignee, we think it a matter of no little practical and substantial importance that assignees under our insolvent act should be permitted to obey the statute, and require and accept releases in the terms of the statute, and without being embarrassed by being required to investigate and determine whether provisions wholly beyond the terms of the statute are or are not safe and proper to be inserted in the release.