In the matter of ORANGE WALKER and others, Insolvents.

July 21, 1887.

On motion for reargument, October 12, 1887.

**Insolvency — Effect of "Releases" filed under Void Assignment.—**
The firm of Walker, Judd & Veazie executed what purported and was
intended to be an assignment for the benefit of creditors, under the in-
solvent law, (Laws 1881, c. 148.) After the assignee had qualified,
taken possession of the property, converted it into money, and disbursed
most of it in payment of dividends to those creditors who had proved
their claims, and filed with the clerk of the court the releases provided by
statute, this court, at the suit of a creditor who had refused to come in
under the assignment, and had attached the property in the hands of the
assignee as still the property of the debtors, decided that the assignment
was void, because it did not include the individual property of the mem-
bers of the firm. Another non-assenting creditor having afterwards at-
tached, as the property of the debtors, the assets in the hands of the as-
signee, within 60 days thereafter certain of the creditors who had proved
their claims, and filed with the clerk of the court the releases provided
by the statute, and accepted dividends on their claims under the assign-
ment, filed a petition for the appointment of a receiver of the property of
the debtors, pursuant to the provisions of the second section of the stat-
ute referred to, which was opposed by the attaching creditors. *Held*,
that the "releases" filed with the clerk of the court did not operate to
discharge the claims of the creditors who filed them. Any dividend which
such creditors received under the void assignment amounted, at most,
only to payment of their claims *pro tanto*. Also, that such creditors were
not estopped by their acts under the assignment from petitioning for the
appointment of a receiver of the debtors' property, under the second sec-
tion of the insolvent law, after the court had declared the assignment void.

Appeal by Maurice Auerbach and others from an order of the dis-
trict court for Ramsey county, *Simons*, J., presiding, denying their
petition for the appointment of a receiver of the insolvents Walker,
Judd & Veazie, upon the ground that the petitioners are not creditors
of the insolvents. It was admitted upon the hearing that the peti-
tioners had been creditors of the insolvents, and that they still con-

tinue to be such unless the releases filed by them in the void insolvency proceedings considered in *May* v. *Walker*, 35 Minn. 194, extinguished their claims. The petitioners joined Morgan May as a party to these proceedings, and asked that he be enjoined from prosecuting a garnishment made by him, being the same which was considered in *May* v. *Walker, supra.*

*Warner & Lawrence,* for appellants.

*Walter H. Sanborn,* for respondent, the St. Paul National Bank.

*Searles, Ewing & Gail,* for respondent, Morgan May.

MITCHELL, J.[1] In December, 1884, the firm of Walker, Judd & Veazie, being insolvent, made what purported and was intended to be an assignment for the benefit of creditors, under the provisions of chapter 148, Laws 1881, known as the "Insolvent Law." The assignee entered upon the execution of his duties, took possession of the assigned property, converted it into money, and disbursed it all, except some $15,000, in payment of dividends to those creditors who had proved their claims, and filed releases, in accordance with the provisions of the statute. Most of the creditors, including the petitioners in the present proceedings, proved their claims, filed releases with the clerk of the court, and accepted dividends under the assignment. Among the creditors who declined to do so were the respondents, May and the St. Paul National Bank. In a suit brought by May against the insolvent firm, and in which he had attached, as their property, the funds in the hands of the assignee, this court decided in May, 1886, that this assignment was not valid, either under the statute or at common law, as respects a creditor who had not accepted its provisions; that it was not an assignment under the insolvent law of 1881, because it did not include the individual property of the members of the copartnership, and hence did not have the effect to place the property purporting to have been assigned *in custodia legis,* the jurisdictional foundation of an assignment under the statute being wanting. *May* v. *Walker,* 35 Minn. 194, (28 N. W. Rep. 252.) On May 27, 1886, the St. Paul National Bank brought suit on their claim, and attached, as the property of the debtors, the real estate

[1] Berry, J., because of illness, took no part in this case.

which had been sold by the assignee, and the money still remaining in his hands.

Under this state of facts, the petitioners, whose claims, less the 40 per cent. dividend received from the assignee, amounted to over $200, on the 25th day of June, 1886, filed a petition for the appointment of a receiver of the property of the debtors, pursuant to the provisions of the second section of the insolvent law. To this the debtors, Walker, Judd & Veazie, made no objection; but upon the objections of the attaching creditors, May and the St. Paul National Bank, the court below denied the application, on the ground that the petitioners "were not creditors of said Walker, Judd & Veazie," from which decision the petitioners appealed to this court.

The principal ground urged by the respondents in support of the order appealed from is the one upon which the court below seems to have based his decision, viz.: That the petitioners are not creditors of Walker, Judd & Veazie, because they had executed and filed with the clerk of the court the releases already referred to. They do not claim that they had ceased to be such creditors because Walker, Judd & Veazie had been discharged from their debts under the statute. In fact, no such discharge has ever been granted; and, if it had, it would, according to the contention of respondents, have been void, the court never having got jurisdiction under the statute. But what they claim is, in substance, that Walker, Judd & Veazie having made the assignment for the benefit of all their creditors "who shall file releases of their debts and claims, * * * as by law provided," and the petitioners having accepted the provisions of the assignment, and filed their releases, therefore the assignment is now a *binding composition agreement* between them and the debtors, which fully releases the latter. In other words, the contention is that although the assignment proves not to be what the debtors intended and proposed to make, and what the creditors assumed and intended to accept,—an assignment under the insolvent law,—the court shall give it effect as an arrangement of an entirely different nature, to wit, a composition agreement.

This cannot be done. If parties fail to carry out and make effectual what they intended, the court cannot make an agreement

for them by converting their abortive attempt into something which they never intended to make for themselves. What the debtors had in mind in making the assignment, and what the creditors had in mind in coming in under it, was not a "composition agreement," but an assignment under the statute. The releases provided for in the assignment, and which the creditors filed, were not releases under a composition settlement, but those "provided by statute,"—the insolvent law. These releases do not operate in themselves to discharge the insolvent debtor. That is accomplished only by the judgment of the court. They may express the assent of the creditor that such a judgment may be entered as the statute contemplates. But the judgment derives its force from the law, and not from the act of the creditor. *National German-American Bank* v. *Wilder*, 35 Minn. 94, (27 N. W. Rep. 201.) Hence if there is no statutory assignment under which such a judgment of release could be rendered, the releases would not discharge the claims of those who filed them. Anything which the creditor might receive under the void assignment would amount, at most, only to payment *pro tanto*. In our opinion, therefore, the petitioners were still creditors of Walker, Judd & Veazie.

The respondents further invoke against the petitioners the doctrine of estoppel. Their contention, as we understand them, is substantially as follows: That having come in under this assignment, and accepted dividends under it, the petitioners are now estopped to deny its validity; that, as to them, it is conclusively a valid assignment of the debtors' property, and hence they are estopped from asserting that the property attached was the property of Walker, Judd & Veazie, or that the latter had omitted to do any act which they might lawfully do to prevent a preference, so as to bring the case within the provisions of the second section of the insolvent act for the appointment of a receiver. In support of this position are cited numerous authorities to the familiar proposition that if creditors come in under an invalid or fraudulent assignment, and accept benefits under it, they will be estopped from afterwards attacking it as invalid. It does not seem to us that this proposition, correct as it undoubtedly is, has any application to the present case. The petitioners are not attacking, and have not attacked the assignment. That was declared

void and of no effect, at the suit of respondents themselves; and the petitioners, accepting the situation as determined by that decision, now merely ask that a receiver be appointed to do what was originally supposed would be accomplished by the assignment, to wit, to sequestrate the estate of the insolvent debtors for the benefit of all their creditors. What property the receiver, when appointed, can claim as assets of the insolvents, or how those assets shall be distributed, are matters to be determined hereafter. The position of the respondents, if correct, would lead to the anomalous result that if an assignment for the benefit of all creditors, attempted to be made under the insolvent law, should for any cause be declared void, after the large majority of creditors had assented to and accepted its provisions in good faith, but under some mistake of law or fact, believing it to be valid, such creditors would be forever after prevented from instituting any proceedings under the statute to secure an equal distribution of the debtor's property among all his creditors, but would be compelled to sit with their hands tied, and submissively look on, while the minority of the creditors should appropriate the entire assets of the common debtor. It strikes us this would be a novel application of the doctrine of estoppel, especially when invoked in favor of the respondents, who are strangers to this assignment, who have never accepted anything under it, and who have all along taken the position and acted upon the theory that the assignment was void, and upon that theory have attached the assigned property as still the property of the debtors. There is no room here for the application of any kind of estoppel against the petitioners in their application for the appointment of a receiver. All the facts existed which were necessary to bring the case within the statute, and the court below ought to have granted the prayer of the petitioner.

Inasmuch as the debtor Walker has withdrawn his answer, there is now no occasion to consider whether or not his motion for a change of venue should have been granted.

Order reversed.

The respondent May having moved for a reargument, the following opinion was filed on October 12, 1887.

MITCHELL, J.   The appeal in this case was from the order of the court below denying the motion of the petitioners for the appointment of a receiver of the property of Walker, Judd & Veazie.   We held that, upon the facts, the petitioners, as creditors of the firm, were entitled to the appointment of such receiver, and therefore that the court below erred in denying their motion.   The question as to the effect of the appointment and qualification of such receiver upon the garnishee proceedings previously instituted by the respondent May, against the property of the insolvent debtors, was not involved in this appeal, and was therefore neither decided nor considered.

The motion of May for a reargument is therefore denied.