The Boynton Furnace Co. vs. Sorensen and another.

THE BOYNTON FURNACE COMPANY, Respondent, vs. SORENSEN and another, Appellants.

*November 19 — December 15, 1891.*

*Voluntary assignment: Validity: Estoppel.*

In the absence of fraud a creditor who has filed proof of his claim in assignment proceedings is estopped to deny the validity of the assignment, even though, in proceedings by other creditors, it has been adjudged void because the assignee's bond was not duly approved. The word "void" in sec. 1694, R. S., does not mean that the assignment may not be so ratified by a creditor as to estop him to deny its validity.

APPEAL from the Circuit Court for *Brown* County.

The facts were stipulated as follows: Before and until December 9, 1890, defendants *Case* and *Sorensen* were partners. On that date the firm dissolved. *Sorensen* retained most of the stock in trade, and all book-accounts of the firm, and assumed its indebtedness. Among the outstanding book accounts was one of $168.94 against *B. C. Brett*, the garnishee defendant. December 16, 1890, *Sorensen* made a voluntary assignment in the usual form to one George D. Nau, for the benefit of his creditors. The assignment included the book-accounts of the late firm, and among them the account against *Brett*, then overdue and unpaid. The assignment was filed with the clerk of the circuit court of the proper county, and in due time the schedules of assets and liabilities required by law were also filed with said clerk. The schedule of assets contained, among others, the account against *Brett*.

The court commissioner before whom the bond of the assignee was executed failed to indorse thereon his approval of the bond at the time of filing the same, and did not so indorse it until January 30, 1891. Nine creditors of Case & Sorensen commenced suits against them, and garnished

George D. Nau, the assignee, but neither of them garnished *Brett*. Those suits were commenced, and garnishee papers in due form were served upon Nau and the debtors, from December 19 to 24, 1890. On January 17, 1891, judgments were entered against Case & Sorensen in each of said nine suits, the amount of which in the aggregate exceeds the value of the property assigned by *Sorensen* to Nau, including the book-accounts. Issues were duly joined in all of said garnishee actions against Nau, and upon the trial thereof the assignment of *Sorensen* was held void when the garnishee processes were served, because the bond was not then approved, and Nau was held liable as garnishee in each of the actions.

December 20, 1890, the *Boynton Furnace Company*, the plaintiff, filed due proof of its claim against Case & Sorensen with the clerk of the proper circuit court in such assignment proceedings. After the assignment had been held void by the court, and before such bond was approved, plaintiff commenced this action against Case & Sorensen for the amount of its claim, and caused *Brett* to be duly summoned as a garnishee. A garnishee summons was also served on Case & Sorensen. *Brett* and *Sorensen* answered in the usual form, denying the liability of *Brett* as a garnishee, and the plaintiff took issue upon their answers. A trial of the issue resulted in a judgment that *Brett* was liable to plaintiff as garnishee for the amount of his indebtedness to Case & Sorensen, and for costs.

*Brett* and *Sorensen* appeal from the judgment.

*L. B. Sale*, for the appellants, to the point that by filing its claim the plaintiff had barred itself from disputing the validity of the assignment, cited *Littlejohn v. Turner*, 73 Wis. 113; *Olson v. O'Brien*, 46 Minn. 87; *May v. Wannemacher*, 111 Mass. 202; *Pierce v. O'Brien*, 129 id. 314; *Loomis v. Griffin*, 78 Iowa, 482; *Eppright v. Kauffman*, 90 Mo. 25; *Jones v. Tilton*, 139 Mass. 418. Creditors have an

The Boynton Furnace Co. vs. Sorensen and another.

election as to which course they will adopt. They cannot pursue both. And when an election is made, it is irrevocable. *Cavanagh v. Morrow*, 67 How. Pr. 241; *Estate of Burke*, Parsons' Select Cases (Pa.), 470.

For the respondent there was a brief by *J. C. & A. C. Neville*, and oral argument by *Mr. A. C. Neville*. They contended, *inter alia*, that a creditor who has proved his claim cannot initiate proceedings to attack the validity of the assignment (*Littlejohn v. Turner*, 73 Wis. 113); but when the assignment is once declared void, so that the assignee *cannot* hold the property, *all* creditors have an equal right to get what they can of the assets by any legal means. *In re Walker*, 37 Minn. 243. " To adopt a rule which would require nineteen creditors who had proved their claims, to sit quietly by and see a twentieth, who had not, have the assignment set aside and take all the assets by attachment, etc., would be the height of injustice."

LYON, J.   The question which first presents itself for determination is whether, under the stipulated facts in the case, the plaintiff's judgment against *Brett* (the garnishee) can be upheld. The plaintiff came in under the assignment, and filed due proof in the assignment proceedings of its claim against *Case & Sorensen*, and thus entitled itself to share in the dividends arising from the assets in the hands of the assignee. There is no claim of fraud on the part of the assignor or assignee, and, when the plaintiff thus came in under the assignment, he is chargeable with notice of the defect in the proceedings which the court adjudged invalidated the assignment, for he could readily have ascertained its existence by an examination of the papers pertaining to the assignment in the office of the clerk of the court. Hence, with full knowledge, or adequate means of knowledge, of the defect in the assignment, which it was held invalidated it, the plaintiff elected to treat it as a valid as-

signment, and placed himself in a position to be entitled to the fruits of it. Such being the facts, the case is ruled by that of *Littlejohn v. Turner*, 73 Wis. 113, in which this court held that, under circumstances substantially like those existing here, a creditor who has thus proved up his claim under the assignment cannot be heard to question its validity. Nothing need be added to what was said on the subject by the late Mr. Justice TAYLOR in the opinion in that case.

The learned counsel for plaintiff maintained in his argument that this case is not like that of *Littlejohn v. Turner*, for the reason that there the creditor who had thus come in under the assignment was the first to attack its validity, while here creditors who had not proved up their claims against the assignor took the initiative and obtained judgments declaring the assignment void as to creditors of the assignor, before the plaintiff instituted this action. The distinction is not substantial. The defective assignment in this case is not an absolute nullity. At the most it is only void as to creditors who are in a position to attack and do attack it. True, the statute provides that an assignment, wanting in any of the essential requisites prescribed by the statute, shall be void against the creditors of the assignor (R. S. sec. 1694), but the term "*void*" is often employed in statutes and judicial writings to characterize acts which are void as to some persons or for some purposes, and valid as to other persons and purposes, or to acts which are not absolutely void, but only voidable, and which may be ratified or confirmed. See *State v. Richmond*, 26 N. H. 232, for a very satisfactory discussion of this whole subject. *Damp v. Dane*, 29 Wis. 419. We think the term is used in sec. 1694 in its more restricted sense, and the assignment, although void in such limited sense, may be effectually ratified by a creditor of the assignor, who may by such ratification estop himself to

deny its validity.    Such, in effect, is the ruling in *Littlejohn v. Turner.*

It follows that when the nine creditors of the assignor successfully challenged the validity of the assignment, the same was, in legal effect, adjudged void as to them only, not as to this plaintiff.    In order to avoid the assignment as to himself, the plaintiff was compelled to institute proceedings to that end, and the judgments which the nine creditors had obtained were of no value whatever to him. As to himself, therefore, the plaintiff took the initiative to invalidate the assignment, precisely as he would have done had no other creditor attacked it.

Counsel for defendant relies greatly upon the case *In re Walker*, 37 Minn. 243, which he cites to this proposition: "When the assignment is once declared void, so that the assignees cannot hold the property, all creditors have an equal right to get what they can of the assets by any legal means."    The case fails entirely to support the proposition. The assignment in that case was made under ch. 148, Gen. Laws of Minn. 1881, entitled "An act to prevent debtors from giving preference to creditors, and to secure the equal distribution of the property of debtors among their creditors, and for the release of debts against debtors."    The supreme court of Minnesota has held in several cases that this is a bankrupt law, as its title imports.    The act is published in Kelly's General Statutes of 1891, as secs. 4260–4274. There is another statute in that state very similar to ours, concerning voluntary assignments, which stands in the same compilation as secs. 4248–4259.    These two statutes were somewhat considered by this court in *McClure v. Campbell*, 71 Wis. 350.    Ch. 148, Laws of Minn. 1881, contains a provision, not mentioned in *McClure v. Campbell*, to the effect that in certain contingencies therein named any one or more creditors of an insolvent debtor, whose demands aggregate $200, may apply for the appointment of

a receiver of the debtor's unexempt property, and on proper proof the court is required to appoint such receiver, whose duty it is to convert the assets of the debtor into money, and distribute the net proceeds thereof ratably to the creditors who come in and make due proof of their demands.

The assignment of the debtors in the case in 37 Minn. 243, was held void at the suit of certain creditors who had not proved their claims against the assignors. Thereupon certain creditors who had proved their claims, and who had filed releases under the statute, and accepted dividends, petitioned the proper court for the appointment of a receiver under the statute. It was objected that the petitioners were not creditors. The supreme court held that they were creditors, and that, although they had proved their claims under the assignment and received dividends, they were competent to petition for a receiver. In the opinion of the court by Judge MITCHELL the reasons for the decision are given. After stating the position of counsel that the petitioners were estopped by the above facts to ask for a receiver, the opinion proceeds as follows: " In support of this position are cited numerous authorities to the familiar proposition that if creditors come in under an invalid or fraudulent assignment, and accept benefits under it, they will be estopped from afterwards attacking it as invalid. It does not seem to us that this proposition, correct as it undoubtedly is, has any application to the present case. The petitioners are not attacking and have not attacked the assignment. That was declared void and of no effect at the suit of the respondents themselves; and the petitioners, accepting the situation as determined by that decision, now merely ask that a receiver be appointed to do what was originally supposed would be accomplished by the assignment, to wit, to sequestrate the estate of the insolvent debtors for the benefit of all their creditors. What property the receiver, when appointed, can claim as

The Boynton Furnace Co. vs. Sorensen and another.

assets of the insolvents, or how those assets shall be distributed, are matters to be determined hereafter."

The court thus expressly recognize the correctness of the rule of *Littlejohn v. Turner*, and clearly point out the distinction between cases of that class and the case there under consideration. But, were there any doubt of the scope and significance of the decision in 37 Minn. 243, that doubt is removed by a late decision of the same court in a case arising under the same assignment. The case is *Olson v. O'Brien*, 46 Minn. 87. Olson was a judgment creditor of the insolvent, and had proved and obtained the allowance of his claim by virtue of such judgment. He filed no release, however, and received no dividend. After the assignment had been judicially declared void as to creditors who had refused to be bound by it, and who had challenged its validity by appropriate actions, Olson issued an execution on his judgment, and caused the same to be levied upon certain lands of the insolvent, included in the assignment. The assignee had sold and conveyed the same land under an order of the proper court, and O'Brien had acquired the title of the purchaser by mesne conveyances from him. Olson brought an action in equity against O'Brien in aid of his execution. The court held, Judge COLLINS writing the opinion, that Olson was estopped, by reason of his coming in under the assignment and proving and obtaining an allowance of his claim, to question the validity of the assignment or the title of the assignee under it to the land in controversy. The case in 37 Minn. 243, is commented upon, and held not to conflict with the latter decision, but to sustain it. The court sums up its decision in the following language: "Whatever may be the legal *status* of creditors who have not availed themselves in any manner of the assignment or the benefits to be derived therefrom, the plaintiff, by making proof of his claim, delivering it to the assignee, and thereafter, although notified of

the fact of its allowance, permitting it to stand as a proved-up claim against the estate, has in law accepted the instrument and barred himself from disputing its validity or from taking any action which will defeat its purpose as a transfer of the property in question to the assignee."

We reach the conclusion, therefore, that as to the plaintiff the assignment is valid and passed the title and ownership of the demand against the garnishee, *Brett*, to the assignee. Hence *Brett* is not liable to plaintiff as garnishee of Case & Sorensen.

Whether such claim and account against *Brett* now belong to the assignee or to the nine creditors who garnished the assignee, we do not here determine. Before that question is settled the court should have before it in some appropriate proceeding all the parties interested,— that is to say, the nine creditors and the assignee,— none of whom are parties to this action.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to dismiss the garnishee action against *Brett*.