KEITH and others, Appellants, vs. ARTHUR, Garnishee, Respondent.

*December 10, 1897 — January 11, 1898.*

*Voluntary assignment: Garnishment: Election of remedies: Estoppel.*

An insolvent debtor made a voluntary assignment which was void because of the failure of the assignee to sign the bond. Plaintiffs filed their claim with the assignee without knowing of the defect or making any effort to ascertain their rights. Afterwards a large number of other creditors also filed their claims. Subsequently plaintiffs commenced garnishment proceedings against the assignee, but before the trial thereof the assignee was allowed to sign the bond *nunc pro tunc*. *Held* that, by becoming parties to the assignment proceedings and remaining such for a considerable length of time, the plaintiffs were estopped from maintaining the garnishment action.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

August 23, 1894, C. J. Arthur made an assignment to the garnishee, *J. H. Arthur,* for the benefit of creditors. All the assignment papers were properly executed and filed so as to comply with the statutes of this state respecting such proceedings, except that the assignee, by mistake, failed to sign his bond. He supposed that the statutes had been in all respects complied with, and proceeded in good faith

to assume and execute the duties of the trust.   On the day the assignment was executed the assignee notified plaintiffs, who were foreign creditors, of the making of the assignment.   August 26th, thereafter, the statutory notice of the assignment was sent to the plaintiffs.   September 6th plaintiffs forwarded proper proof of their claim to the assignee, which proof he filed in the office of the clerk of the circuit court for Dane county, December 8th.   September 7th garnishment proceedings were commenced against the assignee by several creditors upon the ground that the assignment was void for the failure to sign the bond, as aforesaid.   At the time of forwarding the claim as aforesaid, plaintiffs did not know of the defect in the assignment, in that there was a failure of the assignee to sign the bond.   September 12th they were informed of such defect and immediately applied to the assignee by telegraph to return their proof, and also immediately directed the commencement of an action against the assignor for the recovery of their debt, and that the assignee be garnished.   Before the commencement of the trial of the garnishment action plaintiffs requested permission of the court to withdraw their proof of claim, which request was not allowed.   The trial of other garnishee actions resulted in judgments against the assignee upon the ground that the assignment was void for failure to sign the bond.   September 13th the circuit court permitted the bond to be signed *nunc pro tunc*, not, however, to interfere with the rights of parties who had theretofore commenced garnishment actions.

The result of the trial was that the court found as facts the making of the assignment, the failure to sign the bond, the subsequent signing thereof, the filing of the claim by plaintiffs, and the filing of a large number of other claims by creditors, as before stated.   As a conclusion of law the court found that the plaintiffs became parties to the assignment by filing their claim, and could not thereafter im-

peach it; that as to them the assignment was valid notwith-
standing the defect in the bond.   Judgment was rendered
against plaintiffs and in favor of the garnishee for costs
accordingly, and plaintiffs appealed.

For the appellants there was a brief by *Luse & Wait*, and
oral argument by *L. K. Luse*.   They contended, *inter alia*,
that knowledge of the facts is as necessary an element in
this case to bring about an estoppel as in any other.   A
reference to the cases cited in *Boynton Furnace Co. v. Sor-
ensen*, 80 Wis. 594, will disclose that they were decided
squarely with reference to the knowledge of the parties.
See *Cavanagh v. Morrow*, 67 How. Pr. 242; *Estate of Burke*,
1 Parson, Sel. Eq. Cas. (Pa.), 470; Bishop, Insolvent Debt-
ors (3d ed.), § 250; *Van Nest v. Yoe*, 1 Sandf. Ch. 4.   See,
also, *Talcott v. Hess*, 4 N. Y. St. Rep. 62; *Schofield v. Scott*,
20 id. 815; *Turney v. Van Gelder*, 68 Hun, 481.

For the respondent there was a brief by *Bashford, Ayl-
ward & Spensley*, and oral argument by *R. M. Bashford*.

MARSHALL, J.   The delivery of plaintiffs' claim to the as-
signee constituted a written acceptance of the benefits of
the trust.   They had an election of remedies.   Having ex-
ercised such election by accepting the obligation of the as-
signee to administer the trust under the assignment for their
benefit, they thereby waived any and all other remedies in-
consistent therewith.   This court has so frequently spoken on
that subject that there is little, if anything, additional that
can be said in regard to it.   The principal cases where the
matter has been considered are cited in the briefs of coun-
sel.   *Littlejohn v. Turner*, 73 Wis. 113; *Lawson v. Stacy*, 82
Wis. 303; *Boynton Furnace Co. v. Sorensen*, 80 Wis. 594.
Where the waiver is made with knowledge of the facts, it
works an estoppel and cannot be relieved against at all, any
more than one can be relieved of the consequences of delib-
erately, with knowledge of the facts, entering into any other

contract in writing. But if the position of an accepting beneficiary be otherwise assumed by a creditor to his prejudice, it is unquestionably within the power of the court to relieve him from the situation on a proper showing sufficient to warrant it on some ground of equity; though if the application therefor be delayed till it would work injury to others to grant it, whose condition in that regard may have been influenced by the conduct of the applicant, then it should be denied.

Applying the foregoing to this case, it appears that a large number of creditors had filed their claims after plaintiffs filed theirs. There was a mutual interest on the part of all such creditors to sustain such assignment, and they probably were influenced more or less by the conduct of each other, in accepting the trust. There is nothing to show that plaintiffs made any effort whatever to inform themselves in regard to their rights before filing their claim, while the means of knowledge was open to them. Under such circumstances, especially in view of the legislative and judicial policy of this state to sustain assignments, the court could not properly have relieved the plaintiffs from the acceptance of the trust, for the mere purpose of enabling them to seek a preference over other creditors by attacking the assignment, even if a proper application had been made in the assignment proceedings for such relief before the commencement of this action, which was not the case. The finding and judgment of the circuit court, that plaintiffs were estopped from the commencement and prosecution of the garnishee action by reason of their conduct in becoming parties to the assignment proceedings and remaining such for a considerable length of time, must be sustained.

*By the Court.*— The judgment of the circuit court is affirmed.