JOHN MEGINS v. SARAH F. PARY and Another.

April 28, 1898.

Nos. 11,163—(52).

**Promissory Note—Purchase of Stock at Assignee's Sale—Fraud as Defense.**

In an action on a promissory note, the making of which is admitted, the findings of fact state various alleged fraudulent transactions. *Held*, they do not show any defense to the payment of the note.

**Insolvency—Filing Release by Creditor—Discharge of Insolvent by Judgment of Court.**

*Held*, further, it is not the filing of a release in an insolvency proceeding under the law of 1881 that discharges the insolvent debtor, but the judgment of the court entered thereon so discharging him.

**Same—Accepting Dividend.**

Neither does the acceptance of a dividend from the assignee work such a discharge.

Appeal by plaintiff from a judgment of the district court for Otter Tail county, in favor of defendants, entered in pursuance of. the findings and order of Searle, J.   Reversed.

*Wm. B. Phelps*, for appellant.

*Houpt & Baxter*, for respondents.

CANTY, J.[1]

This is an action on a promissory note dated October 5, 1893, for $2,350, made by defendants to the order of plaintiff.   On the trial before the court without a jury, the court made its findings of fact, and ordered judgment for defendants.   From the judgment entered thereon, plaintiff appeals.

[1] BUCK, J., did not sit.

72 M.—8

1. From the findings and admissions in the pleadings, it appears that on November 22, 1889, the defendant Olaf Pary was indebted to plaintiff in the sum of $2,000, and on that day executed his note to plaintiff for that amount; that this note remained unpaid on July 24, 1893, on which day Pary, being insolvent, made an assignment under the insolvency law of this state, for the equal benefit of all his creditors who should file releases of their claims, and his assignee qualified and entered on the discharge of his duties; that, at the time of his assignment, Pary was indebted to Allen, Moon & Co. in the sum of $3,200; that on October 5, 1893, the assignee was about to sell the stock of merchandise so assigned to him, and, prior to the sale on that day, plaintiff, Pary, and Allen, Moon & Co. entered into an agreement whereby it was agreed that plaintiff should bid off said stock, and transfer it to the defendant Sarah F. Pary, the wife of Olaf; that plaintiff did so bid off the stock for the sum of $2,524.96, and he and Allen, Moon & Co. advanced and paid each one-half of said sum for the stock; that thereupon, on the same day, plaintiff transferred the stock to Mrs. Pary, and she and her husband signed and delivered to plaintiff the note in suit, and Pary also executed to Allen, Moon & Co. a note for said sum of $3,200, due to that firm. There is a further finding that the $2,524.96 so paid to the assignee was furnished by Pary. The proper interpretation of the findings is that all of these matters so occurring on October 5 are one transaction.

The court labels this transaction as secret and fraudulent, but no facts are found which will warrant the conclusion that the transaction was fraudulent. It does not appear that the stock of goods was worth any more than it was sold for, or that plaintiff or Allen, Moon & Co., or its representative, intended to or would have bid more for the stock if the arrangement in question had not been made. Neither does it appear that the money which Pary so furnished was money withheld from his creditors. For all that appears, it may have been money on which his creditors never had any claim. But, conceding that these transactions were fraudulent, that would not destroy the indebtedness owing from Pary to plaintiff for years prior to these transactions, which is the same indebtedness sought to be recovered in this action.

2. The court further finds that on August 21, 1893, plaintiff filed in the insolvency proceedings a claim based on said note for $2,000, made by Pary November 22, 1889; that the claim was allowed, a release of the same was filed by plaintiff on June 29, 1894, and he received a dividend of 20 per cent. thereon; and that the assignee was "finally discharged by an order of this court dated November 5, 1895." The filing of the release does not discharge the insolvent debtor from the claim of the creditor who filed the release. It requires the judgment of the court to do that. National G. A. Bank v. Wilder, 35 Minn. 94, 27 N. W. 201; In re Walker, 37 Minn. 243, 33 N. W. 852, and 34 N. W. 591. It is not found that any such judgment was ever entered in the insolvency proceedings. An order discharging the assignee is not such a judgment. Receiving a dividend will not in itself work such a discharge. In re Walker, supra. It may be conceded that such a judgment would release Pary, the principal debtor, but even that would not release Mrs. Pary, his surety. G. S. 1894, § 4240.

The second finding of fact attempts to find a defense in favor of Mrs. Pary alone. It reads as follows:

"That defendant Sarah F. Pary does not speak nor read nor write the English language, and did not know, nor was she informed as to, the nature or conditions of the notes to which she attached her cross or mark on said 5th day of October, 1893; that she was not negligent in so doing; that, at the time she attached her cross or mark to said note, she was led by plaintiff and others to believe that the notes to be given, and which she was asked to execute, were for the stock of general merchandise that day purchased, and for which she was to pay twenty-five hundred and twenty-four $^{96}/_{100}$ dollars ($2,524.96), which amount I find she paid in full."

It does not appear from this that Mrs. Pary was so imposed upon that she has a legal defense to the note in suit. She was led to believe that this note was given for the stock of merchandise which was then transferred to her, and it does not appear that there was any deception in this. It appears that she signed the note as a part of the transaction in which she received the stock. She was to pay $2,524.96 for the stock, and that is more than the amount of this note. The court finds that she has paid this sum, but she could not have paid it to plaintiff, because she denies in her answer that she

ever paid him anything. The court does not find that at the time of the transaction, and as a part of it, she paid that amount in cash to some one else, and signed this note besides, or that she ever agreed at that time to pay that sum to any one, and signed the note besides; and, even if she had done so, there is, so far as appears, as much reason why she should pay plaintiff as there is why she should honor her promise to pay the same amount to some one else. Her husband furnished her, through plaintiff and Allen, Moon & Co., $2,524.96, or the two latter parties delivered her a stock of goods for which her husband furnished that sum; and, as a part of the same transaction, she signed with her husband the note in suit; and it does not sufficiently appear that this is not a good considera- tion for the note; neither does it appear that she signed the note given to Allen, Moon & Co.

The judgment is reversed, and a new trial granted.