COLDEN
v.                                        Judgment for the defendants.
ELDRED.

————————◦❊◦————————

COLDEN *against* ELDRED.

The remedy
by distress and
sale of beasts,
*damage feas-*
*ant,* given by
statute,   sess.
36. c. 35. s. 19.
(2 *N.R.L.*134.)
does not take
away the com-
mon law reme-
dy by action of
trespass.
    Where beasts
*damage feasant*
have been dis-
trained, or e-
ven impound-
ed, the dis-
trainer may re-
linquish    the
proceedings by
distress, before
satisfaction for
the damage
which has
been sustain-
ed, and bring
an action of
trespass.
    In an action
for trespass by
cattle, it is
matter of de-
fence, and to
be shown by
the defendant,
that the fence
which the
plaintiff was
bound to keep
in repair was
defective.

IN ERROR, on *certiorari* to a justice's court.

The defendant in error brought an action of trespass in
the court below against the plaintiff in error, for damage
done to his grain by the sheep of the latter. The plaintiff
below proved the trespass and damages, and the defendant
below offered proof to show, that the sheep had been dis-
trained and impounded by the plaintiff; the evidence being
objected to, was excluded by the justice. A verdict was
found for the plaintiff below.

*Per Curiam.* The only question in this case is, whether
the defendant ought not to have been permitted to prove
that the sheep had been distrained and impounded for the
same trespass. The remedy, by distress, given by the sta-
tute, is cumulative, and the plaintiff may, if he pleases, pur-
sue the common law remedy by action of trespass. Had
the plaintiff followed up his remedy by distress, according
to the provisions of the statute, or had the merits of his
right to recover been tried, it would have been a bar to the
action of trespass. But the defendant's offer did not go far
enough. The distress offered to have been proved does
not appear to have been followed up by the plaintiff; there
might have been some irregularity which rendered it neces-
sary for him to abandon it; and the mere distress, or even
impounding, if relinquished, would be no satisfaction for the
injury. This part of the defence was, therefore, properly
excluded. The evidence showed, very satisfactorily, that
the sheep got over that part of the fence which for several
years had been kept up by the defendant as his part of the

division fence; and this was enough, at least, *prima facie.* What the situation of the fence was, or whether there were any rules or regulations of the town on the subject, does not appear. It, however, was matter of defence, and to be shown, on the part of the defendant, if any thing existed which would excuse the trespass. The judgment must, therefore, be affirmed.