Lawson and others vs. Stacy and another.

LAWSON and others, Appellants, vs. STACY and another, Respondents.

*February 27 — May 24, 1892.*

*Voluntary assignment: Accounting by assignee: Remedies of creditors.*

In case of the failure of the assignee to bring suit to vacate fraudulent conveyances by the assignor, or in the matter of the settlement of the assignee's accounts, or in case the assignee is incompetent or has become disqualified or has wasted or misapplied any of the trust estate, the remedies given by secs. 1693b, 1701, 1702, S. & B. Ann. Stats., respectively, are exclusive; and a creditor who, having filed and proved his claim, is estopped to question the validity of the assignment, cannot maintain an independent suit to have it adjudged void, and to have a receiver appointed and the assignee compelled to account.

APPEAL from the Circuit Court for *Shawano* County.

This action was commenced November 24, 1890, by the plaintiffs, on behalf of themselves and of other creditors of the defendant *Fuller* who should come in and contribute to the expenses of the action, for the purpose of setting aside as fraudulent and void an assignment executed by *Fuller* for the benefit of his creditors to the defendant *Stacy*, June 30, 1888, and to have a receiver appointed of the property in the hands of said assignee, and to require him to account in full for all such property and the proceeds thereof. The complaint, among other things, alleged that the credits and assets at the time of said assignment amounted to $2,858.41, of which about $1,000 was either worthless or very doubtful; that the indebtedness of said *Fuller* at that time amounted to $2,724.78; that said assignee had qualified and given notice as required by law to the creditors of said *Fuller*, and that each of the plaintiffs did file their claims and accounts against said *Fuller* with the clerk of the court, with due proofs of the same verified by their respective affidavits, as required by law, and that

no objection to any part thereof had been made or filed by said assignee or any creditor of said *Fuller;* that the 'day before making said assignment *Fuller* was indebted to *Stacy* about $240, and that he paid the same in part and secured the balance with intent to give him (the said *Stacy*) a preference, and that the assignee had improperly, and with intent to defraud the creditors, conducted the business under said assignment.

The defendants demurred to the complaint on the grounds that the court had no jurisdiction of the subject matter; that the plaintiffs had not the legal capacity to maintain this action; and that the complaint did not state facts sufficient to constitute a cause of action. From an order sustaining said demurrer the plaintiffs appeal.

For the appellants the cause was submitted on the brief of *Thorn & Guernsey.* They contended, *inter alia,* that the assignee is a trustee, and if he fails or neglects to perform his duties a bill in equity will lie to enforce the trust; and a court of equity has power to remove the trustee and will do so when the safety of the fund or the due execution of the trust shall require it. *Geisse v. Beall,* 3 Wis. 367; *Gunn v. Blair,* 9 id. 352; *Merrill v. Merrill,* 53 id. 522; *Brown v. Guthrie,* 110 N. Y. 435–441; *McFerran v. Davis,* 70 Ga. 661; *Crouse v. Frothingham,* 97 N. Y. 105.

*Benj. M. Goldberg,* for the respondents.

The following opinion was filed March 22, 1892:

CASSODAY, J. If, before the assignment, the assignor made transfers of his property with intent to give a preference or to defraud any of his creditors, as alleged, then such property was recoverable by the assignee. *Batten v. Smith,* 62 Wis. 92; *Backhaus v. Sleeper,* 66 Wis. 72; *Batten v. Richards,* 70 Wis. 272. If the assignee neglected or failed to perform his duty in such regard, or was incompetent or disqualified, or wasted or misapplied any of the trust estate,

then the creditors had the remedy prescribed by sec. 1693*b*, S. & B. Ann. Stats., or by removal and the appointment of another, as prescribed by sec. 1702 as amended.   Here each of the several plaintiffs filed and proved his claim as prescribed by statute.   Secs. 1698, 1699, R. S.   This being so, they are severally estopped from questioning the validity of the assignment.   *Littlejohn v. Turner*, 73 Wis. 113; *Boynton F. Co. v. Sorenson*, 80 Wis. 594; *In re George T. Smith Middlings Purifier Co.* 86 Mich. 149.   The statute made ample provision for the settlement of the assignee's account.   Sec. 1701 as amended.   He was compellable to render his account and settle the same by order.   *Ibid.*   Upon the final settlement of his account the court was thereby required to hear any objections made by any creditor, take such evi-· dence as might be proper, and settle and adjust such accounts and his compensation and expenses as such assignee, whether objection thereto be made or not, as may be just; and the statute expressly provides that the order thereupon made by the court " shall be *conclusive* upon all parties, including the sureties of the assignee," subject, however, to the right to appeal as therein prescribed.   Sec. 1701.   Such ·order is alleged to have been made in this case, and the same is conclusive upon all creditors who had thus proved their respective claims; and hence cannot be questioned in an independent action by way of a collateral attack, as is here attempted.   *Magnus v. Sleeper*, 69 Wis. 219; *In re Baker*, 72 Wis. 395.

*By the Court.*— The order of the circuit court is affirmed.

Upon a motion for a rehearing, counsel for the appellants stated that this court was mistaken in assuming that there had been a final settlement of the assignee's accounts and an order of the circuit court thereon which would be conclusive upon all creditors.   They also urged, among other things, that this court had misapprehended the object

Lawson and others vs. Stacy and another.

and purposes of the action. The right of action was founded on the principles adjudicated in *Geisse v. Beall*, 3 Wis. 367; and the relief asked in that case was substantially the same as asked in this, but only an accounting was decreed, which is all that is now asked in this case. The purpose is to enforce the *trust* and compel an honest accounting, not to attack the assignment on the ground that it was fraudulent as to creditors, although that is asserted in the pleadings. The remedies provided in secs. 1701, 1702, R. S., should not be held exclusive, but merely cumulative. *Stafford v. Ingersol*, 3 Hill, 38; *Renwick v. Morris*, id. 621; *Clark v. Brown*, 18 Wend. 213; *Colden v. Eldred*, 15 Johns. 220; *Scidmore v. Smith*, 13 id. 322; *Branch Bank v. Tillman*, 12 Ala. 214; *Greenville & C. R. Co. v. Cathcart*, 4 Rich. Law, 89; Sutherland, Stat. Const. 509, sec. 399; *State v. Wettstein*, 64 Wis. 240; *Saddington's Estate v. Hewitt*, 70 id. 248.

The following opinion was filed May 24, 1892:

CASSODAY, J. A reargument is asked upon the ground that the opinion filed " is based upon a misconception of the facts, in assuming that there had been a final settlement and adjustment of the assignee's accounts and an order of the court thereupon made that would be conclusive upon all creditors." Whether such order had in fact been made was not regarded of any special consequence in the decision of the case, and hence it was inadvertently said that " such order *is alleged* to have been made in this case." As indicated in the opinion filed, the plaintiffs, by proving their claims, were severally estopped from questioning the assignment, and limited to the remedy given by the statutes therein cited. The fact that these statutes make the order upon final settlement " conclusive upon all parties, including the sureties of the assignee," subject only to the right of appeal, indicates pretty clearly that the leg-

islature intended to make the remedy thus given exclusive. Here the plaintiffs had resorted to the statutory remedy; and, after making the discovery alleged, commenced this separate and independent action in equity. To allow such a collateral attack would greatly frustrate the object and purpose of the statutes. It is unnecessary to consider what the rule would be under a different statute.

*By the Court.*— The motion for a rehearing is denied, with $25 costs.