In re Assignment of Gilbert and another: Appeal of Cleasby and others.

and *Wm. S. Burroughs*, and oral argument by *Mr. Bur-
roughs*.

For the respondents there was a brief by *Higbee & Bunge*,
and oral argument by *E. C. Higbee*.

*By the Court.*— Order affirmed.

IN RE ASSIGNMENT OF GILBERT and another: APPEAL OF
CLEASBY and others.

*September 23 — October 13, 1896.*

*Statutes: Repeal of special provision by revision of general subject: Ap-
pealable orders: Voluntary assignment: Partnership: Claims cov-
ered by assignment: Parties: Personal remedy: Estoppel.*

1. Sec. 16, ch. 385, Laws of 1889 (giving the assignor or any creditor in
assignment proceedings the right to appeal from any order made

in such proceedings), being a special provision relating to a particular subject. controls the general provisions relating to that subject, and was not repealed or affected by a subsequent revision of the general provisions (ch. 212, Laws of 1895), in which the right of appeal from orders remained as before the revision.

2. Where the firm of G. & Co., as such, is an individual member of the firm of G. & H., both of which firms have made voluntary assignments, claims of creditors of the latter for an unsatisfied balance are included within the terms of the assignment of G. & Co., providing for the payment of the expenses of the trust and " all other lawful debts, due and owing by the assignors, of every kind and description," and such creditors may prove their claims in the assignment of G. & Co. and obtain payment out of the assets of that firm after the creditors in its separate business have been paid; and the same remedy could have been pursued if the members of the firm of G. & Co. had been individually liable for the debts of G. & H.

3. The creditors of the firm of G. & H. in such case by filing their claims in the assignment of G. & Co. became parties thereto, and are estopped from disputing the validity of the assignment, or from taking any action which would defeat its proper execution under the direction of the court, and the court having complete jurisdiction of the assignment and the assigned estate had power to enjoin the threatened sale of the assigned property under executions upon judgments in favor of such creditors.

4. The right of the creditors of G. & H. to resort to the assets of G. & Co. is personal to each creditor, to be enforced by him in the administration of the estate of the latter firm, and not by the assignee of G. & H., or by proceedings prosecuted in his name.

APPEAL from an order of the circuit court for Trempealeau county: O. B. WYMAN, Circuit Judge. *Affirmed.*

This was an appeal from an order made in the matter of the assignment of *T. I. Gilbert* and *G. O. Gilbert*, partners under the name of T. I. Gilbert & Co., upon their petition and the petition of their assignee, one *Trowbridge*, as well as certain of their creditors, directing said assignee to sell certain property and assets assigned to him, and to apply the proceeds, and restraining certain of their judgment creditors from selling on execution certain real estate so assigned.

In re Assignment of Gilbert and another: Appeal of Cleasby and others.

It appears from the finding of facts, which was not contested at the argument, that the assignors, prior and up to the time of their assignment, January 13, 1894, had been doing a mercantile business at Blair, Wisconsin, under the firm name of T. I. Gilbert & Co. On the 29th day of September, 1883, said firm entered into a copartnership with one Hallenger, and carried on a branch store at Eleva, Wisconsin, from that date until January 13, 1894, under the firm name and style of Gilbert & Hallenger; the capital, except that furnished by Hallenger, having been furnished by the firm of T. I. Gilbert & Co. as a partnership. The account between the firm of Gilbert & Hallenger, at Eleva, and the firm of T. I. Gilbert & Co. was kept on the books of Gilbert & Hallenger, with the firm of T. I. Gilbert & Co., in the name of the firm of T. I. Gilbert & Co., and not with the persons individually composing it; and the members of the firm of Gilbert & Hallenger were said Hallenger and the firm of T. I. Gilbert & Co. Neither of the assignors, while in business as such firm, conducted any individual business, or acquired or had any individual property or assets when they made their assignment to said *Trowbridge*, and their assets were largely in excess of their liabilities as members of that firm; but the business of the firm of Gilbert & Hallenger had been so conducted that its liabilities were in excess of its assets, and of the assets of both firms combined, and the assignors were insolvent by reason of their liability as a firm for the debts of Gilbert & Hallenger. Gilbert & Hallenger made an assignment January 12, 1894, to S. D. Hubbard, for the benefit of their creditors, but the assets of that firm were only sufficient to pay a small per cent. of their indebtedness; and the assets of the assignors, T. I. Gilbert & Co., after paying their creditors on account of the business conducted by them at Blair, would not be sufficient to pay their liabilities on account of the business conducted at Eleva under the name of Gilbert

& Hallenger, proved against said last-named firm, after deducting its assets.

The assignors and their assignee, *Trowbridge*, and certain of their creditors, filed their several petitions for the sale and conversion into money of their assets so assigned to *Trowbridge*, and for the proper application of the same to the payment of their debts; that certain creditors of the firm of Gilbert & Hallenger, who had also filed and proved their claims as debts against the estate of T. I. Gilbert & Co., and had thereafter commenced actions at law and obtained judgments therefor against said firm, and had attempted to levy upon its property and assets in the hands of said *Trowbridge* as assignee, and by garnishee proceedings to satisfy their said debts against Gilbert & Hallenger, be enjoined from prosecuting such suits or interfering with said property, and from selling certain real estate so assigned, upon which they had levied, or from interfering with said property so assigned; that the court in the assignment proceedings should marshal the assets of T. I. Gilbert & Co.; and that they be applied by their assignee in accordance with equity and the rights of the respective creditors. Certain other creditors of the firm of Gilbert & Hallenger prayed similar relief. The creditors thus proceeding against the assets and property of T. I. Gilbert & Co. answered said petition, and claimed the right to proceed at law in their suits against the assets not required for the payment of the debts contracted by them in their business at Blair under said firm name, to satisfy their liabilities incurred under the firm name of Gilbert & Hallenger in the business conducted at Eleva.

The assignment of T. I. Gilbert & Co. provided that after the payment of all costs, charges, and expenses of executing the trust created, . . . "and the payment and discharge in full of all other lawful debts due and owing by the [assignors], of every kind and description," proved against them, the

residue should be returned, reassigned, and redelivered to the assignors. The court also found that the creditors making answer and opposing the petition had proved their claims against Gilbert & Hallenger, in the assignment proceedings of T. I. Gilbert & Co., as debts against that firm; that two of said creditors, after the making of such assignment, had obtained judgments on such claims, and made levies on executions thereunder upon the real estate of said T. I. Gilbert & Co., so assigned to the petitioner *Trowbridge*, and had advertised the same for sale. No attempt was made at the hearing to impeach the assignment of T. I. Gilbert & Co. as illegal or fraudulent, but its validity was conceded.

The court granted an order in substance as stated, for the sale of the property and assets of T. I. Gilbert & Co. at public auction, and directed that after paying the expenses of the assignment the assignee should, out of the proceeds, pay all creditors of the assignors who had proved their claims growing out of the business carried on by them at Blair under the name of T. I. Gilbert & Co., in full, and that the remainder should be applied *pro rata* to the payment of the creditors of the assignors who became such by reason of the business conducted under the name of Gilbert & Hallenger at Eleva, and that the threatened sale of the real estate of the assignors upon executions in favor of contestants be restrained and enjoined. From this order the contesting creditors appealed.

For the appellants there was a brief by *S. Richmond* and *Bleekman, Bloomingdale & Bergh,* and oral argument by *F. H. Bloomingdale.*

For the respondents there was a brief signed by *Higbee & Bunge,* counsel, and oral argument by *E. C. Higbee.*

PINNEY, J.   1. Some question was made at the argument as to the appealability of the order of the circuit court, upon

the ground that it was not a final order settling and adjusting the assignee's account, under R. S. sec. 1701, and that the right of appeal that had been given under sec. 16, ch. 385, Laws of 1889, in cases like the present, had been repealed by subd. 2, sec. 1, ch. 212, Laws of 1895, which provides only for appeal from "a *final* order affecting a substantial right, made in special proceedings." In *Lamont v. Hibbard, Spencer, Bartlett & Co.* 88 Wis. 109, it was held that a creditor had sufficient standing and interest to sustain an appeal from proceedings under voluntary assignments. Sec. 16, ch. 385, Laws of 1889, provides that "appeals may be taken to the supreme court by any such insolvent debtor, or by any creditor, from any order, or judgment, made or entered in such proceedings, by such judge or court." The appellants had proved their claims against the estate of T. I. Gilbert & Co., and had become parties to the proceedings in the matter of such assignment. Within the decision of *Lamont v. Hibbard, Spencer, Bartlett & Co.*, the order in question was appealable, under sec. 16 of the act of 1889. Subd. 2, sec. 1, ch. 212, Laws of 1895, was in force, as a part of sec. 3069, R. S., before the act of 1889 allowing appeals and proceedings under voluntary assignments was passed. The entire scope and effect of the act of 1895, amending sec. 3069, was to amend other subdivisions of that section by repeating the section in the act of 1895, as intended to be amended, but leaving subd. 2 intact, and as it was when the act of 1889 allowing appeals in cases like the present was passed. This was a special provision relating to a particular subject, and controlled the general provision relating to the same subject, so far as there was any conflict between them. R. S. sec. 4972, subd. 14. The special provision must be taken still as an exception to the general statute, as amended by the act of 1895. *Mead v. Bagnall,* 15 Wis. 156–161; *Western Bank v. Tallman,* 17 Wis. 532; *Hancock v. Merriman,* 46 Wis. 159. The intent

of the legislature is clear, and sec. 1, ch. 212, Laws of 1895, does not therefore affect or repeal the special provisions of sec. 16, ch. 385, Laws of 1889. The order was therefore appealable.

2. The firm of T. I. Gilbert & Co., as a partnership, was a member of the firm of Gilbert & Hallenger. The debts of Gilbert & Hallenger were therefore debts for which the firm of T. I. Gilbert & Co. and its individual members were liable. Their assignment was in trust for all their creditors. Neither of its members had any individual property or estate that passed to their assignee, and it does not appear that they had any individual creditors. Therefore, after the application of partnership property of the firm to the payment of the debts contracted in carrying on its business at Blair, the residue, so far as necessary, would be applicable to the payment of the debts of the firm of Gilbert & Hallenger, for which the firm of T. I. Gilbert & Co., as such, was liable, in so far as the same could not be discharged by and with the assets of the firm of Gilbert & Hallenger. Such debts are clearly included in the words in the assignment of T. I. Gilbert & Co., as " all other debts of every kind and description " of that firm, and required by their assignment to be paid out of the proceeds of the assigned property before any residue of such property, or its proceeds, could be reassigned or delivered to the assignors. It is evident from the manner in which the two firms dealt with each other, and the account that was kept between them, that the firm of T. I. Gilbert & Co., as such, was, as it well might be, an individual member, so to speak, of the firm of Gilbert & Hallenger. Bates, Partnership, § 150; *Gulick v. Gulick*, 14 N. J. Law, 582; *In re Hamilton*, 1 Fed. Rep. 800; *Bullock v. Hubbard*, 23 Cal. 495. Therefore the creditors of Gilbert & Hallenger might, as the contestants in this case did do, come into the case of the T. I. Gilbert & Co. assignment and prove their claims, and obtain pay-

ment out of the assets of that firm, after the creditors of the latter firm in their business at Blair have been paid, for any unsatisfied balance remaining unpaid after the application of the assets of Gilbert & Hallenger, and which would constitute a primary fund for their payment. *Thayer v. Humphrey*, 91 Wis. 276. The same result would follow if the members of the firm of T. I. Gilbert & Co. were individually liable for such debts of Gilbert & Hallenger, instead of the firm of T. I. Gilbert & Co. being liable for them as such, by reason of its being, as stated, an individual member of the firm of Gilbert & Hallenger.

3. The assets and property sought to be reached by the contestants by their judgments and executions were assigned, for distribution, to the petitioner *Trowbridge*, as the assignee of T. I. Gilbert & Co.; and it would be wholly inconsistent with the theory and purpose of the assignment law to permit the contestants, by means of their executions and levies, to secure to themselves a preference over other creditors of Gilbert & Hallenger having the same rights, as against the estate of T. I. Gilbert & Co. The court had complete jurisdiction over the assignment and the assigned estate. It had supervision of the proceedings in the matter of the assignment, and might make all necessary orders for the execution of the same. R. S. sec. 1693. The contestants, before they commenced their proceedings at law, by filing and proving their claims in the matter of the assignment of T. I. Gilbert & Co. as well as of Gilbert & Hallenger, had thus made themselves parties to the proceedings in the matter of the assignment of T. I. Gilbert & Co., and were in effect suitors before the court in relation to its execution. They had thus conclusively admitted the validity of the assignment and the jurisdiction of the court to make all proper and necessary orders for its execution. Upon general principles the court had a right to control their conduct, as suitors, in relation to the proceedings, and to grant, if need

be, an order to restrain them from carrying on an independent proceeding, at law or otherwise, the effect of which would be to embarrass or defeat its power to direct and control the administration of the estate. Having thus become parties to the proceeding, they were barred, and are estopped, not only from disputing the validity of the assignment, but from taking any action which would defeat its purpose, or prevent its proper execution under the direction of the court. *Boynton Furnace Co. v. Sorensen,* 80 Wis. 594; *Lawson v. Stacy,* 82 Wis. 303; *Olson v. O'Brien,* 46 Minn. 87.

4. The right of the creditors of the firm of Gilbert & Hallenger to prove and proceed against the balance of the assets of the firm of T. I. Gilbert & Co., as above stated, is one personal to each such creditor, to be enforced by him, and not by the assignee of Gilbert & Hallenger. It relates wholly to matters arising in the administration of the estate of T. I. Gilbert & Co., and in which the assignee of Gilbert & Hallenger, as such, had no interest or concern. He has no authority to sue for, get in, or divide any part of that estate; and the rule laid down in the case of *Valley L. Co. v. Hogan,* 85 Wis. 366, is not applicable to the case. Hence the rights of such creditors could not be litigated or prosecuted in his name.

The court rightly restrained the threatened sale of the real estate of the assignors under the executions upon judgments in favor of the contestants, and properly ordered the sale of the property and assets of T. I. Gilbert & Co., and the application of the proceeds thereof.

*By the Court.*— The order of the circuit court is affirmed.