Durr vs. Wildish.

DURR, Appellant, vs. WILDISH, Assignee, Respondent.

*August 31 — September 20, 1898.*

*Voluntary assignment: Chattel mortgage: Right of possession.*

Under secs. 1693–1702, Stats. 1898 (giving the circuit court full "supervision of the proceedings" in voluntary assignments, and authorizing it to "make all necessary orders for the execution of the same," and for the proper distribution of the assets of the estate), the right to the possession of goods, as between the assignee and a mortgagee of the assignor, may properly be determined by the circuit court in the assignment proceedings, upon an order to show cause to which both claimants are parties; but the validity of the mortgage should not be determined in that manner.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

For the appellant there were briefs by *Hoyt & Olwell*, and oral argument by *L. A. Olwell.* They contended, *inter alia,* that the court was without jurisdiction in the premises. If

Durr vs. Wildish.

the assignee desires to recover property held or claimed by others he must proceed as every one else is required to do, namely, by action where a trial in the usual method may be had. *Frost v. Citizens' Nat. Bank*, 68 Wis. 234, 240; *Matthews v. Ott*, 87 id. 399, and cases cited.

For the respondent there was a brief by *W. J. & J. H. Turner*, and oral argument by *W. J. Turner*.

CASSODAY, C. J.   It appears from the record that April 30, 1896, one Adolph Landau was a merchant having a stock of goods and fixtures and in trade in the store at the place mentioned, consisting of crockery, glassware, silverware, children's carriages, and other goods, together with the fixtures belonging to the same; that on that day he and his wife gave to the plaintiff a chattel mortgage on all of such stock of goods and fixtures to secure the payment of $2,500, evidenced by four several promissory notes; that it was agreed, in and by the mortgage, that the mortgagors should have the right to sell goods covered by the mortgage, and add to the stock by purchasing other goods; that it was therein specially agreed that the mortgage should and did cover such property as should be afterwards acquired, and that the mortgagors therein agreed to make statements under oath, and file the same with the city clerk, as provided by sec. 2316*b*, Stats. 1898; that such mortgage was filed May 4, 1896; that the mortgagor filed with the city clerk, at or about every sixty days from its date to October 28, 1897, a verified statement of his sales, the total valuation of the stock added from time to time, and the amount of sales; that December 8, 1897, a part of the mortgage debt being due, Mrs. Landau, being alone in the store, was induced to deliver the key of the store to the plaintiff's attorney; that the plaintiff thereby claimed to have taken possession and be in possession under an agreement with the mortgagors and the usual clause in the mortgage authorizing the same;

that December 13, 1897, Landau, being indebted to other
parties for merchandise and borrowed money to an amount
exceeding $3,500, made a voluntary assignment for the bene-
fit of his creditors to the defendant, *Wildish;* that *Wildish*
qualified as assignee, and entered upon the discharge of his
duties; that thereupon a controversy arose as to whether
the mortgagee or the assignee had the right to the posses-
sion of the goods and fixtures; that each party, upon affi-
davits, obtained an order upon the other to show cause why
he or they should not be allowed to have possession, and to
restrain the other party from interfering with such posses-
sion; that, upon hearing the respective parties upon both
of such motions, it was by the court ordered, in effect, that
the plaintiff, the mortgagee, and Charles J. Stumpf, their
agents and assistants, be, and they were thereby, required
to deliver said merchandise to said assignee, and to refrain
from interfering with him in the possession thereof, and to
permit him forthwith to make an inventory of said mer-
chandise, to be used by him in the discharge of his duties
as such assignee; and that the motion of *Wildish* was thereby
granted and allowed, and the motion of the plaintiff and
others was thereby denied and disallowed.

The plaintiff appeals from that part of the order which
required him and others to deliver such merchandise to the
assignee, and to refrain from interfering with the possession
thereof, and granting and allowing such motion of the as-
signee.

The stock of goods and fixtures appears to have been of
the value of about $6,000 at the time of the making of such
assignment. The defendant claims that the chattel mort-
gage was void on its face, by reason of the omission, from
the verified statements filed by the mortgagor every sixty
days, of any statement as to the application of any proceeds
of the sales made upon the mortgage debt, and by the fail-
ure to make such application, as required by sec. 2316*b*, ·

Stats. 1898. Such claim is denied by the plaintiff, who also insists that, even if the mortgage was void on its face as against creditors, yet such defect was cured by his taking actual possession under the mortgage as stated. The trial court did not determine these questions, and we think they should not be determined upon affidavits upon this appeal. The trial court very properly confined its decision to the right to the possession. No question is presented as to the validity of the assignment. The general creditors represented by the assignee were interested in the sale and proceeds of the goods as well as the mortgagee. Upon the assignment being made, the circuit court had full "supervision of the proceedings" therein, and was expressly authorized to "make all necessary orders for the execution of the same," and, finally, for the proper distribution of the assets of the estate. Stats. 1898, secs. 1693–1702; *Littlejohn v. Turner*, 73 Wis. 113; *Lawson v. Stacy*, 82 Wis. 303; *Ford v. Clarke*, 83 Wis. 45; *Case v. James*, 90 Wis. 320; *In re Gilbert*, 94 Wis. 108. There was no abuse of discretion in making the order.

*By the Court.*— The portion of the order of the circuit court appealed from is affirmed.