## Paul Stefan v. George E. Brennan and Joseph W. Suddard, as Receivers of The International Building, Loan and Investment Union.

92   291
d99  1 87

1.   BUILDING AND LOAN ASSOCIATIONS—*Not Authorized to do a Banking Business.*—A homestead and loan association, organized under the statutes of Illinois, has no power to receive deposits and contract to pay interest thereon, and if it does so, its acts are *ultra vires.* Such associations are not authorized by law to do a banking business.

2.   INTERVENORS—*In Proceedings to Dissolve a Building and Loan Association.*—A petition of an intervenor, after a decree in a proceeding to dissolve a building and loan association, can only be filed on the hypothesis that the proceedings are valid and regular, and that the decree dissolving the association and directing a distribution of its assets is a valid decree. He can not be heard to attack its validity by asserting that it was not a legal corporation under the statute.

**Bill for Dissolution of a Building and Loan Association.**—Intervening petition. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed December 6, 1900.

W. J. Lavery, attorney for appellant.

Pam, Calhoun & Glennon, attorneys for appellees.

Mr. Presiding Justice Adams delivered the opinion of the court.

January 10, 1898, E. C. Akin, Attorney General, filed a bill against the International Building, Loan and Investment Union, on the information of the Auditor of Public Accounts, praying for a dissolution of that corporation, the appointment of a receiver, and the distribution of the assets of the corporation. Such proceedings were had in the cause that, April 29, 1898, a decree was entered finding specifically the material allegations of the bill proven, among which findings is the finding that the International Loan and Investment Union is a building and loan association organized and existing under the laws of the State of Illinois, and decreeing that the corporation be dissolved, its business wound up, and appointing the appellees, Brennan and Suddard, its permanent receivers, etc. Appellees qualified as receivers. June 20, 1899, Paul Stefan, the appellant, filed his intervening petition, entitled " People ex rel, etc., v. International Building, Loan and Investment Union," which is, in substance, as follows :

Petitioner represents that between 25th of November, 1893, and 28th of October, 1895, he made deposits with the defendant Union, aggregating $1,600, which money remained on deposit until 30th April, 1896, when defendant gave credit for interest of $180.50, and in May and July, 1896, defendant Union paid the petitioner on account of deposits $800, leaving balance on account of moneys so deposited and interest of $980.50. As evidence of deposits and interest, petitioner received from officers of defendant Union a pass-book, in which deposits and withdrawals made by petitioner were duly entered; that it was agreed when he made such deposit, said Union would pay him interest at six per cent per annum; that said Union, April 30, 1896, credited petitioner with $180.50 interest on his deposits to

that date; that petitioner shows that he made deposits without assuming burden or obligations of a member, nor was there any stock issued in exchange for said deposit, giving him the right to vote as a member; that money represented by deposit received, was advanced, not as stock payments, but as deposits made by petitioner. Petitioner prays that an order may be entered directing receivers to pay petitioner amount of balance due for such deposits with interest thereon, less amount received by him; that court enter a rule upon receivers; that they answer petition within short day to be fixed by court, but not under oath; that claim of petitioner may be declared to be a preferred claim; that he be paid as a creditor in due course of administration in full, and further relief.

Appellees answered the petition, denying its material allegations, and averring that the International Building, Loan and Investment Union was a corporation incorporated under the statute for the incorporation of homestead and loan associations, and had no power to receive deposits and do a banking business, and aver that the moneys paid to it by petitioner were received by it as payments on stock; that petitioner was and is a stockholder and not entitled to any preference. A replication was filed by appellant, and the court, after hearing evidence in open court, ordered substantially as follows: That the allegations of the petition are not sustained by the evidence; that the petitioner is not entitled to a preference, but is entitled to share in the assets of the International Building, Loan and Investment Union *pro rata* with other stockholders, on the basis of the amount paid by him, which amount, after allowing all just credits, the court finds to be $800. It is therefore ordered that the prayer of the petition for a preference be denied, and that the petition be dismissed for want of equity, and that the amount of $800 paid by the petitioner to the said International Building, Loan and Investment Union be allowed as a claim on account of stock payments, and that, as to said amount, the petitioner is adjudged to be entitled to share *pro rata* with other stockholders in said assets, and to

receive such dividends as may hereafter be declared by the court payable to the stockholders of the International Building, Loan and Investment Union.

From this decree the appeal was taken.

That appellant paid to the International Building, Loan and Investment Union (hereinafter called the Union) the sum of $1,600 at various times, and that he was credited with $180.50, are facts not controverted. Neither is it controverted that of the amount so paid by petitioner only $800 has been returned to him.

It appears from the evidence that November 25, 1893, appellant paid to the Union $500, and, at the same time he made application for and obtained a certificate for two shares of stock in the Union of the maturity face value of $200. It also appears by a preponderance of the evidence that the Union received deposits, agreeing to pay interest thereon, from members or shareholders only. In the passbook delivered to appellant, when he became a shareholder, was the following:

### "MONEY DEPOSITED.

Members may deposit money, subject to withdrawal on demand. Money so deposited bears interest at six per cent per annum, on six months deposit.

### AVOID FINES.

Any shareholder desiring to avoid being fined, can deposit any amount, from one dollar upward, with the Union. When there is in the hands of the secretary an amount equal to the monthly dues on the stock in the name of the shareholder, there will be no fines charged against the stock.

By keeping up your monthly payments and adding to this account, you will always have available funds in the time of need."

John Schoeneman, collector for the Union, testified that appellant came into his office with a shareholder, and that he had a circular of the Union, and wanted to deposit money with the Union, and that he, Schoeneman, told him that he must join the association and take at least two shares, and that then he could deposit money; that he could not get interest if he was not a stockholder. Stefan does not

understand English, but Schocneman testified that he had an interpreter with him.

Appellant, by his counsel, relies on the following propositions for a reversal of the decree:   First, that the Union was not a legally constituted corporation under the statute, in relation to homestead loan associations;  second, that it is a mere partnership;  third, that appellant having deposited an amount largely in excess of the matured value of his two shares, is to be regarded as a depositor, and, as such, is entitled to interest and a preference;  fourth, that the decree is erroneous in that the court, while dismissing the petition for want of equity, allows the petitioner's claim to the extent of $800.   .

If it is conceded that either of the first two propositions is sound, it is fatal to appellant's entire claim.   If the third proposition is sound, it is fatal to his claim for interest and a preference.

If the Union was not a corporate body, as described in the statute—if it was not a "mutual building, loan and homestead association, for the purpose of building and improving homesteads and lending money to the members thereof," then the bill was erroneously filed by the attorney general, and the decree of the court dissolving the Union, appointing receivers and ordering a distribution of the assets, was also erroneous, and appellant, who, by his petition, prays for a preference in the distribution of the assets, could have no relief in the cause.

If the association was a mere partnership between the officers or the shareholders, it is too clear to admit of discussion that appellant could have no relief whatever in the cause, because neither officers nor shareholders are parties to the suit in the sense that a decree could be rendered against them individually.   The Union is the sole defendant.

Appellant's petition was filed and, legally, could only be filed on the hypothesis that the proceedings were valid and regular, and that the decree dissolving the Union and directing a distribution of its assets was a valid decree, and he can not now be heard to attack its validity by asserting that the Union was not a legal corporation under the

statute. In re Assignment of Gilbert, 94 Wis. 108, 115–16; Lawson v. Stacy, 82 Wis. 303; Appeal of Smith, 86 Mich. 149; Horsey v. Chew, 65 Md. 555; Continental Trust Co. v. Toledo, etc., R. R. Co., 82 Fed. R. 642, 647–9; 11 Ency. Pl. & Pr., 509.

If the appellant is to be treated as a depositor, then, to say the least, he is clearly neither entitled to interest on the money deposited or to preference in the distribution of the assets. Homestead and loan associations, organized under the statute, have no power to receive deposits and contract to pay interest thereon, and if they so do, their acts are *ultra vires.* They are not authorized by law to do a banking business. Columbus Building, etc., Ass'n v. Kriete, 87 Ill. App. 51.

One of the by-laws of the Union is as follows:

"Shareholders may pay installments, interest and premiums in advance, or deposit with Union certain sums to be used for such payments as they may fall due."

Appellant, when he applied for membership in the Union, expressly agreed to be bound by the by-laws of the Union. We think it clear that it is to appellant's advantage, as suggested by appellees' counsel, to be treated as a stockholder rather than a depositor.

The appellant has no good ground of complaint in the matter of the decree appealed from. The decree allows his claim, less interest. This is the utmost extent to which appellant's claim could legally be allowed, and it is not for him to complain of technical irregularity, if any, in the mode of its allowance.

The decree will be affirmed.